ROCKLAND WATER COMPANY *vs.* CITY OF ROCKLAND.

Knox.     Opinion April 6, 1891.

*Way. Easement. Water. Towns. Water Companies. Private Laws, 1850, c. 381.*

Where a water company has a right under its charter to lay its pipes through the streets of a city, "in such manner as not to obstruct or impede travel thereon," *Held*; that the city retained the right to repair its streets in the ordinary manner although in so doing the pipes of the water company may thereby become exposed, and it is compelled to sink them deeper, to protect them from frost and other dangers, it appearing that such repairs are not made in an improper manner.

ON REPORT.

This was an action on the case to recover damage alleged to have been done the plaintiffs' easement as is more fully set forth in the writ, a copy of the declaration in which is set forth below. For the purpose of determining the law applicable to the case, it is admitted that Rankin street, is a street within the City of Rockland opened to the public, and was used as such street before any of the acts mentioned herein ; that plaintiffs' charter was duly accepted by the corporation, and that under its authority the plaintiffs' water pipe, being a part of its aqueduct, was laid along and under the surface of Rankin street, and on one side of the traveled part thereof as alleged in the writ. The plaintiffs introduced testimony tending to show that in the repairs of said street by the city road-commissioners from time to time earth and soil have been removed from and over the plaintiffs' water pipe, scraped up into the center of the road and away from the side where plaintiffs' pipe was laid, and the earth and covering of said pipe taken away to such an extent that it was necessary for the plantiffs to sink their pipe deeper to protect it from frost and other dangers ; by reason of which, large expense was incurred, and of which the defendant had due notice.

The city council has not within six years past authorized any change in the grade of said street.

(Declaration.) "In a plea of the case ; for that whereas the plaintiff before and at the time of the committing of the grievances by the said defendant as hereinafter set forth, was and from thence hitherto hath been and still is lawfully possessed of a certain right to, and interest in all that land in said City of Rockland, used and occupied for streets, roads or ways, to wit, the right to carry and conduct their aqueduct under any street and highway or other way in said City of Rockland, in such manner as not to obstruct or impede travel thereon, and to enter upon and dig up any such road, street or way for the purpose of laying down pipes beneath the surface thereof, and for maintaining and repairing the same, and to maintain said pipes under said road, street and way without hindrance, disturance or interference with the same.

"And plaintiff avers that under and by virtue of said right and authority of law, it had long before the time aforesaid been in the occupation and possession of said lands, and still is in the possession and occupation thereof, and had laid its aqueduct for the conducting of water to the said City of Rockland from Tolman's pond, so-called, along and beneath the surface of the street called Rankin street in said City of Rockland, so that it did not impede travel thereon, and had kept and maintained the same in and under the suface of that part of said Rankin street called Rankin hill.

"And by reason thereof the plaintiff ought during all the time aforesaid, to have maintained, and still of right ought to have and maintain its aqueduct beneath the surface of said street free from all disturbance and interference, yet the said defendant well knowing the premises, but wrongfully and unjustly intending to injure the said plaintiff in that behalf and to deprive it of the use and benefit of its said pipes and aqueduct so sunk beneath the surface of said street as aforesaid, on the first day of January, A. D., 1884, and on divers other days and times between that day and the day of the date hereof, by its servants and agents, wrongfully, unlawfully and injuriously did then and there dig up, remove and carry away the earth and soil covered over and upon said aqueduct at said Rankin hill, so that the same was exposed and rendered unsuitable and unsafe for the carrying of water from the pond of said plaintiff to the said City of Rockland, and rendered of little use and value to the plaintiff.

"Whereby, and by reason whereof, the plaintiff was put to great expense, to wit, the sum of seven hundred dollars in sinking said aqueduct to a lower depth, and covering the same so that it should be secure and safe and suitable for the conducting of water to said city as aforesaid.

*J. O. Robinson and J. F. Libby*, for plaintiffs.

Parties are each owners of an easement in the same land. Wash. Ease. (2d. Ed.) 601; *Prov. Gas Co.* v. *Thurber*, 2 R. I. 15; *Rock. Water Co.* v. *Tillson*, 69 Maine, 255. One can not disturb the other without corresponding liability for damages. Our charter provides that no person "shall obstruct the water

works of said corporation." Legislature may make express grant with prohibition for its disturbance. *People* v. *R. R.* 117 N. Y. 155. A municipality has no authority over its streets except as delegated to it. *Ingraham* v. *R. R.* 34 Iowa, 249 ; *Met. City R. Co.* v. *Chi. R. Co.* 88 Ill. 317 ; *Branson* v. *Phila.* 47 Pa. St. 349 ; *Atl. R. Co.* v. *St. Louis,* 66 Mo. 228 ; *Council Bluffs* v. *R. R.* 45 Iowa, 338. City has no right to cut down hills, or fill valleys to injury of plaintiff's property without showing a necessity and making compensation, as they have paid damages required for their easement. City liable for acts of its road-commissioner. *Stock* v. *Boston,* 149 Mass. 414 ; Plaintiffs' easement in part carved out of that of defendants, which has thus become the servient estate.

*E. K. Gould, C. E. Littlefield* with him, for defendants.

Acts complained of were usual and ordinary repairs by public officers, were not performed unskilfully, or with intent to injure, or acting under the direction or instruction of defendants. City not liable. *Bulger* v. *Eden,* 82 Maine, 356, and cases cited. Commissioners made proper use of materials in the street, scraping them from the side to the center. *Callender* v. *Marsh,* 1 Pick. 426, 431-2 ; *Denniston* v. *Clark,* 125 Mass. p. 222 ; Plaintiffs have no greater right than an abutter. Dill. Mun. Corp. § 697. Charter does not exempt them from public control. Change of grade would give them, without some statute, no claim for damages,— standing the same as abutter. *Hovey* v. *Mayo,* 43 Maine, 332 ; *Jamaica Pond Corp.* v. *Brookline,* 121 Mass. 5 ; *National Water Works Co.* v. *City of Kansas,* 28 Fed. Rep. 921.

To keep the streets safe and convenient is a duty expressly imposed upon towns. Here is no contract and nothing in plaintiffs' charter divesting or abridging the city's control of the streets. City exercised no control as to how or where the pipes should be laid. Plaintiffs must be held, when they so laid their pipe, that such repairs of the street were inevitable, and to take the chances.

HASKELL, J. The plaintiff had a right under its charter to lay its pipes through the streets of defendant city "in such

manner as not to obstruct or impede travel thereon." The city, of course, retained the right to repair its streets in the ordinary manner. In picking one of such streets, it is charged with so uncovering one of the plaintiff's pipes as to expose it to frost. Suppose it did. In the absence of any improper method in so doing, it incurred no liability to the plaintiff. The latter should have laid its pipes in such manner that ordinary and suitable repairs of the road would not affect them. The defendant has violated no law, nor has it invaded any right of the plaintiff.

*Judgment for defendant.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and WHITEHOUSE, JJ., concurred.