STILLWATER WATER COMPANY *vs.* CITY OF STILLWATER.

Argued July 11, 1892. Decided July 15, 1892.

**Ordinance Construed.**

> An ordinance of defendant, granting the right to lay water pipes through its streets, construed.

**Water Pipes—Streets—Rights of City.**

> When one accepts the grant of such a right, it is subject to the power of the public authorities to keep the streets in condition for public use, and to establish and change grades, and grade the streets.

Appeal by plaintiff, the Stillwater Water Company, from a judgment of the District Court of Washington County, *Williston*, J., entered March 18, 1892.

On April 5, 1880, the City Council of the City of Stillwater passed an ordinance granting to plaintiff, the Stillwater Water Company, a corporation, the right to lay its water pipes in and through the streets of the city. Section 4 of this ordinance is set out in full in the opinion. Part of the seven miles of pipes provided for in Section 4 of the ordinance were laid along streets, the grades of which had been previously established but had not been graded. After the pipes were laid, the city re-established the grades on a lower plane than at first established, and graded the streets on the grade as re-established. The plaintiff's pipes were thus exposed to the frost, and it was compelled to and did lower and relay its pipes, and lower and change its hydrants. This was done after demanding of the city that it lower and relay the pipes, and its refusal to do so. Plaintiff commenced this action to recover of the defendant, the City of Stillwater, the expenses of thus relaying the pipes and changing the hydrants; claiming, first, that Section 4 of the ordinance applied as well to the seven miles of pipes therein provided for that might be laid in ungraded streets, as to future extensions that might be ordered by defendant; and second, that without the proviso in Section 4, the city is liable in damages for changing the grades of its streets, if the plaintiff is thereby compelled to relay its pipes. The case was tried February 28, 1891, and a decision filed in favor of defendant,

October 10, 1891. In a memorandum filed with the decision, the court said:

"Section 4 of the ordinance cannot be given the construction claimed by plaintiff. The first paragraph is complete in itself and has no necessary connection with the succeeding provisions of the section. By the second paragraph, the Council may order extensions of the pipes or mains, provided that if the company shall be required to lay its mains in any ungraded street, whenever such street is graded, the city shall pay the cost of relaying such pipes with proper reference to the es'ablished grade. This paragraph and the proviso apply only to the extensions outside of the seven miles provided for in the first paragraph. The mains in question in this action are a part of the seven miles.

"By Sp. Laws 1870, ch. 3, the city was in express terms authorized to grade, repair or otherwise improve the streets of the city. The power so vested in the city was a continuing one, and gave the right to change or re-establish the grade of any other street of the city, and reduce such street to the established or reduced grade. *Goszler* v. *Corporation of Georgetown*, 6 Wheat. 593; 2 Dill. Mun. Corp. 685, 686, and cases cited. An action will not lie against a city for consequential injuries to property adjacent to a public street, caused by a change of the established grade of the street, lawfully made in a proper manner. *Henderson* v. *City of Minneapolis*, 32 Minn. 319; *Genois* v. *City of St. Paul*, 35 Minn. 330; *Rakowsky* v. *City of Duluth*, 44 Minn. 188. When the franchise was granted to plaintiff, defendant retained the power to grade and repair its streets, and the plaintiff accepted the franchise subject to that right. Neither party was liable to respond in damages to the other. *Portsmouth Gas-Light Co.* v. *Shanahan*, 65 N. H. 233, (19 Atl. Rep. 1002;) *National Water Works Co.* v. *City of Kansas*, 28 Fed. Rep. 921; *In re Deering*, 93 N. Y. 361; *Rockland Water Co.* v. *City of Rockland*, 83 Me. 267, (22 Atl. Rep. 166.")

Judgment was entered on the decision, and plaintiff appealed.

*Fayette Marsh*, (*Clapp & Macartney*, of counsel,) for appellant.

The court erred in holding that an action for damages could not be maintained against the City of Stillwater on account of a change

made in the grade of a street, thereby exposing plaintiff's water mains to the frost, and rendering it necessary to relay them. *Dyer* v. *City of St. Paul*, 27 Minn. 457; *Henderson* v. *City of Minneapolis*, 32 Minn. 319. The ground of recovery in this action is, that having contracted with the plaintiff for a supply of water at certain points, the city must not in any way interfere with the performance of such contract, and if it does so, it must respond in damages. Such is the well established rule between private parties. The contract is to do a thing. The law forbids the other contracting party from interfering with its performance. *Devlin* v. *Second Ave. R. Co.*, 44 Barb. 81; *Danley* v. *Williams*, 16 Wis. 581. That the franchise of plaintiff is a contract between it and the city, is unquestionable. *New Orleans Gas Co.* v. *Louisiana Light Co.*, 115 U. S. 650. Neither the Legislature nor the city could pass any law impairing the obligation of this contract. *Gun* v. *Barry*, 15 Wall. 610; *Edwards* v. *Kearzey*, 96 U. S. 595; *Minneapolis Gas-Light Co.* v. *City of Minneapolis*, 36 Minn. 159. The mere fact that the city had power to change the grades of its streets, does not give it the power to thereby render the contract of plaintiff worthless, at its pleasure.

The last proviso of Section 4 of the ordinance must be held to apply to the entire section. The word "required" refers as well to obligations imposed by the contract itself, as to obligations which might afterwards arise to lay extensions under the terms of the contract.

Was the lowering of the established grades of these streets and the reduction of the surface of the streets to such re-established grades, a breach of the contract on the part of the defendant? We contend that the law raised, by implication, an agreement on the part of the defendant, to leave the surface of the streets in such condition that the plaintiff would not be interfered with in the performance of the contract on his part. *Hambly* v. *Delaware, M. & V. R. Co.*, 21 Fed. Rep. 541; *Hudson Canal Co.* v. *Pennsylvania Coal Co.*, 8 Wall. 276. If the defendant had refused to allow plaintiff to lay its mains in some street where they should have been laid according to the contract, it would clearly have been liable in damages. What distinction can be drawn between such a state of facts and the facts

here disclosed? The defendant clearly prevented the plaintiff from performing its contract, until the exposed mains were lowered. The reasoning of the court below and the authorities relied on, fail to touch this case. There is no contract relation between the abutting owner and the city. Here there is an express contract, and we rely on a breach of it by the defendant. Nowhere in the ordinance does the city reserve to itself any right to interfere with the plaintiff's water pipes, as was reserved in *Portsmouth Gas-Light Co.* v. *Shanahan*, 65 N. H. 233, (19 Atl. Rep. 1002;) *Rockland Water Co.* v. *City of Rockland*, 83 Me. 267, (22 Atl. Rep. 166.)

*J. N. Searles*, for respondent.

GILFILLAN, C. J. The case presents the sole question of the meaning and effect of a section (4) in an ordinance of the city, granting to plaintiff the right to lay its main pipes in and through the streets of the city. Section 3 grants the right. Section 4 is as follows:

"Sec. 4. The Stillwater Water Company shall lay no less than seven (7) miles of main pipes, so located as to best secure the fire protection of the city, due regard being had for the proper circulation, and for the supply of water for domestic purposes. If at any time it shall appear that by extending the water pipes or mains an additional revenue to said company can be secured, either from public hydrants, or by the written agreement of responsible consumers, which shall not be less than at the rate of one hundred and fifty dollars ($150) per year for every three hundred (300) feet for such extension, the city council may by resolution require said company to make such extension of pipes, which shall be done without unreasonable delay: provided, however, that if said company shall be required to lay their mains in any ungraded street, whenever said street is graded the city shall pay the cost of relaying such pipes with proper reference to the established grade."

A part of the seven miles mentioned in this section was laid along streets, the grades of which had been previously established by the city, but the streets had not been graded. After the pipes were laid the city re-established the grades on a lower plane than at first established, and graded the streets to the grade as thus re-established.

This made it necessary for the plaintiff to lower and relay its pipes, and the action is to recover the expense thereof.

The plaintiff claims that the proviso applies as well to any part of the seven miles that might be laid in ungraded streets as to extensions that might be ordered by the council after the ordinance was passed. The city claims that it applies only to such extensions. Grammatically construed, it does not apply to a present requirement, to one made by the ordinance itself, but applies to future requirements,—"if said company shall be required to lay their mains," etc. Coming immediately after a part of the section authorizing the council to make such future requirements, requirements further and beyond what are made in and by the ordinance itself, there is no reason to give the proviso any other than its proper grammatical meaning, or for holding that it was the intention to attach a condition to any requirement except such as the power to make which is thus reserved to the council. The proviso does not apply to the seven miles of mains absolutely required to be laid.

The plaintiff claims also that without the proviso the city would be liable in damages for changing the grades, and cutting the streets down to the grades as changed, if that made it necessary for plaintiff to make a corresponding change in the level of its pipes. This could be only on the proposition that the city has in some way fettered or limited its power over the streets, and over the matter of establishing grades and grading streets. Conceding, but not deciding, that under its charter the city could bind or limit the power over those matters intrusted to it, the intention to do so would have to be clearly expressed, or appear by necessary implication from some act done by it. The plaintiff argues that here is a contract between it and the city, and appeals to the principle that one contracting party must not interfere with the other in his performance of the contract. There is a contract, it is true, but not such a one as the plaintiff appears to assume. The plaintiff did not agree to lay the pipes for the city. In laying them, it was doing its own work, not that of the city. The contract was merely in the nature of the grant of a franchise or right to plaintiff to lay its pipes in the street; the city imposing on the grant such conditions as it deemed the public

interests require. When one acquires a right to use a street or highway for purposes of his own, the right is subject and must be enjoyed in subordination to the power of the public authorities to keep it in condition for public use, unless the express terms of the grant by which he acquires the right, or the nature of the right acquired by him, necessarily excludes or limits such power. So when under this ordinance the plaintiff acquired the right to lay pipes in the streets, that right was subordinate to the power of the city to establish grades and grade the streets. There is nothing in the terms of the ordinance excluding that power, and nothing, except in the proviso to Section 4, limiting it; and although the exercise of the power may at times cause plaintiff inconvenience and expense, that is nothing more than it took the risk of in accepting the grant. There is nothing in the right granted inconsistent with or which excludes the power of the city over the matters referred to; and except where the city has assumed a liability by reason of exercising that power, none exists.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 893.)