## BISMARCK WATER SUPPLY COMPANY v. CITY OF BISMARCK.

(137 N. W. 34.)

**Municipal corporations — water companies — franchise — change of street grades — damages caused thereby.**

The city of Bismarck in May, 1886, passed an ordinance granting to the

---

Note.—The authorities on the duty and right of a municipality to reimburse a public-service corporation for expenses entailed by improvements in street are dis-

Bismarck Water Company, its successors, and assigns a license to lay and maintain water mains and pipes in the streets of such city for the period of twenty years, for the purpose of distributing water throughout the city for sale to such city and its inhabitants. Pursuant thereto such water company constructed and established a water system and waterworks and maintained the same until the year 1898, at which time it sold and assigned its franchise, together with its water plant, mains, pipes, etc., to the plaintiff, and the latter has maintained such plant at all times since such date.

Prior to the expiration of such franchise, and in May, 1905, defendant city passed an ordinance granting to plaintiff a new franchise for the period of twenty years, to take effect at the expiration of the old franchise, and which ordinance expressly provided that in case of a change of grade of any street the city should reimburse plaintiff for the expenses incurred by it in changing and relaying its mains and pipes necessitated by a change of such grade; and pursuant to such ordinance an express contract was entered into between said parties, embracing, among other things, an express stipulation to the like effect.

*Held:* 1st, That such ordinance and contract are valid and enforceable, and the city did not exceed its powers in obligating itself to reimburse plaintiff for such expenses.

**Constitutional law — ordinances — contracts — retroactive operation.**

2d, That such ordinance in this respect is not retroactive but prospective in its operation, although it applies to mains and pipes which were laid during the life of the old franchise.

**Municipal corporations — change of grade — damage — ordinance provisions**

3d, That, under the provisions of such ordinance and contract, the city is liable to the plaintiff for such expenses, whether the change of grade is from a grade already established by ordinance or merely from a natural grade.

**Municipal corporations — indebtedness in excess of constitutional debt limit.**

4th, That the obligations thus assumed by the city do not create an indebtedness in excess of the constitutional debt limit. Such stipulation created no indebtedness, but merely a contingent future liability.

Opinion filed June 14, 1912.

---

cussed in a note in 6 L.R.A. (N.S.) 1026. And for change of grade of highway as affecting water pipes, etc., see note in 19 L.R.A. 510.

The question of what constitutes a creation of indebtedness within the meaning of debt-limit provisions is treated in notes in 23 L.R.A. 402, and 37 L.R.A. (N.S.) 1058.

As to effect of limitation of municipal indebtedness upon the acquisition of a water supply or sewer system, see note in 59 L.R.A. 604.

23 N. D.—23.

Appeal by defendant from a judgment of the District Court for Burleigh County, *S. L. Nuchols,* Special Judge, in plaintiff's favor, in an action brought to recover expenses incurred in lowering its water main.

Affirmed.

*F. H. Register,* for appellant.

Ordinance 188 by imposing an additional burden and obligation infringed upon and impaired defendant's vested rights arising out of ordinance 83, and, to the extent of such impairment, is void. 15 Am. & Eng. Enc. Law, 2d ed. p. 1032; Louisiana ex rel. Folsom v. New Orleans, 109 U. S. 285, 27 L. ed. 936, 3 Sup. Ct. Rep. 211; Freeland v. Williams, 131 U. S. 405, 33 L. ed. 193, 9 Sup. Ct. Rep. 763; Hamilton Gaslight & Coke Co. v. Hamilton, 146 U. S. 258, 36 L. ed. 963, 13 Sup. Ct. Rep. 90; 15 Am. & Eng. Enc. Law, pp. 1046, 1047; Sturgis v. Custer, 114 U. S. 511, 29 L. ed. 240, 5 Sup. Ct. Rep. 1014; State ex rel. American Sav. Union v. Whittlesey, 17 Wash. 447, 50 Pac. 119; Sutherland v. De Leon, 1 Tex. 250, 46 Am. Dec. 100; Hamilton County v. Rosche Bros. 50 Ohio St. 103, 19 L.R.A. 584, 40 Am. St. Rep. 653, 33 N. E. 408; Evans v. Denver, 26 Colo. 193, 57 Pac. 696; Northwestern Teleph. Exch. Co. v. Anderson, 12 N. D. 585, 65 L.R.A. 771, 102 Am. St. Rep. 580, 98 N. E. 706, 1 Ann. Cas. 110; Poole v. Fleeger, 11 Pet. 185, 9 L. ed. 680.

The city is liable only when an established grade has been changed, and not for the establishment of a grade different from the natural grade. Keehn v. McGillicuddy, 15 Ind. App. 580, 44 N. E. 554; Jeffersonville v. Myers, 2 Ind. App. 532, 28 N. E. 999; and Wabash v. Alber, 88 Ind. 428.

For the original establishment of a grade line, and the reduction of the natural surface of the street for street purposes to such line, there is no legal right or natural equity in the dedicator, or his assignee, to compensation. 2 Dill. Mun. Corp. 4th ed. § 995; Columbus Gaslight & Coke Co. v. Columbus, 50 Ohio St. 65, 19 L.R.A. 510, 40 Am. St. Rep. 648, 33 N. E. 292; Dexter v. Broat, 16 Barb. 337; 1 Lewis, Em. Dom. 2d ed. p. 300, § 121c, note 74; National Waterworks Co. of New York City v. City of Kansas, 28 Fed. Rep. 921 (Mo. Case); Quincy v. Bull, 106 Ill. 337; Roanoke Gas Co. v. Roanoke, 88 Va. 810, 14 S. E. 665.

The indebtedness incurred by the city was in excess of the constitutional debt limit. Niles Waterworks v. Niles, 59 Mich. 311, 26 N.

W. 525; State, Humphreys, Prosecutor, v. Bayonne, 55 N. J. L. 241, 26 Atl. 81; Salem Water Co. v. Salem, 5 Or. 29.

*Newton, Dullam, & Young,* for respondent.

Contracts similar in nature to the one in question have been upheld by the following decisions: Gadsden v. Mitchell, 145 Ala. 137, 6 L.R.A.(N.S.) 784, 117 Am. St. Rep. 20, 40 So. 557; State ex rel. Norfolk v. Babcock, 22 Neb. 614, 35 N. W. 941; Maine Water Co. v. Waterville, 93 Me. 586, 49 L.R.A. 294, 45 Atl. 830; Argentine v. Atchison, T. & S. F. R. Co. 55 Kan. 730, 30 L.R.A. 255, 41 Pac. 946; Brooke v. Philadelphia, 162 Pa. 123, 24 L.R.A. 781, 29 Atl. 387; McQuillin, Mun. Ord. §§ 63 et seq.

In case the city in grading its streets should in any way cause detriment, direct or consequential, to private property without first making just compensation therefor, it would be acting unlawfully, and the parties so injured would have an action against the city for its damages so suffered. Searle v. Lead, 10 S. D. 312, 39 L.R.A. 345, 73 N. W. 101; Whittaker v. Deadwood, 12 S. D. 608, 82 N. W. 202; McElroy v. Kansas City, 21 Fed. 257; Brown v. Seattle, 5 Wash. 35, 18 L.R.A. 161, 31 Pac. 313, 32 Pac. 214; Montgomery v. Lemle, 121 Ala. 609, 25 So. 919. State ex rel. Smith v. Superior Ct. 26 Wash. 278, 66 Pac. 385; Vanderburgh v. Minneapolis, 98 Minn. 329, 6 L.R.A.(N.S.) 741, 108 N. W. 480; Lewis v. Seattle, 28 Wash. 639, 69 Pac. 393; Snyder v. Chicago, S. F. & C. R. Co. 112 Mo. 527, 20 S. W. 885; Stillwater Water Co. v. Stillwater, 52 N. W. 893.

A contract by which a city agrees to pay an annual rental during a term of years for a water supply to be furnished by a company does not create an indebtedness for the aggregate amount of such rental, so as to render it invalid as against a statutory or constitutional limitation. Cunningham v. Cleveland, 39 C. C. A. 211, 98 Fed. 657; Smith v. Dedham, 144 Mass. 177, 10 N. E. 782; Walla Walla v. Walla Walla Water Co. 172 U. S. 1, 43 L. ed. 341, 19 Sup. Ct. Rep. 77; Centerville v. Fidelity Trust & G. Co. 55 C. C. A. 348, 118 Fed. 332; Lamar Water & Electric Light Co. v. Lamar, 128 Mo. 188, 32 L.R.A. 157, 26 S. W. 1025, 31 S. W. 756; Saleno v. Neosho, 127 Mo. 627, 27 L.R.A. 769, 48 Am. St. Rep. 653, 30 S. W. 190; Ludington Water-Supply Co. v. Ludington, 119 Mich. 480, 78 N. W. 558; Higgins v. San Diego, 118 Cal. 524, 45 Pac. 824, 50 Pac. 670; Fidelity Trust

& G. Co. v. Fowler Water Co. 113 Fed. 560; Creston Water Works Co. v. Creston, 101 Iowa, 687, 70 N. W. 739; Stedman v. Berlin, 97 Wis. 505, 73 N. W. 57; Cain v. Wyoming, 104 Ill. App. 538; Utica Waterworks Co. v. Utica, 31 Hun, 427; Territory ex rel. Woods v. Oklahoma, 2 Okla. 158, 37 Pac. 1094; State v. McCauley, 15 Cal. 429; McBean v. Fresno, 112 Cal. 159, 31 L.R.A. 794, 53 Am. St. Rep. 191, 44 Pac. 358.

Fisk, J. Plaintiff was awarded judgment on the pleadings in the court below, and the defendant has appealed therefrom. The action is for the recovery of moneys necessarily expended by plaintiff in lowering its water main in Second street, between avenues A and B in the city of Bismarck, necessitated by reason of a change of grade of such street by defendant city.

In substance the complaint alleges and the answer admits the following facts:

1. That on May 26, 1886, the city of Bismarck duly passed an ordinance, No. 83, granting to the Bismarck Water Company, its successors, and assigns a license to lay and maintain water mains and pipes in the streets of such city for the period of twenty years, for the purpose of distributing water throughout the city, and to sell the same to all persons therein desiring to purchase the same, and that on September 15, 1886, a supplemental ordinance was passed by such city extending the time granted by the prior ordinance in which such water company might lay its mains and pipes in the streets until December 1, 1887.

2. That pursuant to such ordinances said water company constructed and established a water system and waterworks and plant in such city, and maintained and operated the same until about the year 1898, at which time it sold and assigned its said franchise, together with its water system, waterworks, plant, mains, pipes, and appliances to the plaintiff corporation.

3. On May 11, 1905, the defendant city duly passed ordinance No. 188, granting to plaintiff, its successors, and assigns, a license and franchise to lay and maintain water mains and pipes under any and all of the avenues, streets, alleys, public grounds, and thoroughfares of said city, for the purpose of distributing water throughout the city to its patrons for the period of twenty years from May 26, 1906, being the

date of the expiration of the prior license and franchise granted under the preceding ordinances, and which latter ordinance expressly conferred upon plaintiff corporation the right to maintain the system theretofore constructed by the Bismarck Water Company, and then owned by plaintiff company.

4. The franchise and privileges thus granted to plaintiff by ordinance 188 was conditioned upon plaintiff entering into a contract with the city within thirty days from the date of the passage of such ordinance, promising and agreeing to and with such city that during the term from May 26, 1906, to May 26, 1926, plaintiff should not charge the city or its inhabitants more than certain rates therein specified, and that during such terms said company will furnish a full and complete supply of water for the use of said city and its inhabitants desiring to purchase water. And by § 6 of such ordinance it was provided as follows: "And in the event of a change of grade on any street or highway where the party of the second part shall have theretofore laid pipes or mains, the party of the first part shall reimburse the party of the second part in full for any expense that said party of the second part may be put to on account of such change of grade, either by way of lowering its pipes or mains to avoid the action of frost, or raising its pipes or mains or otherwise."

5. That on May 12, 1905, the city, as party of the first part, and the plaintiff, as party of the second part, entered into a contract in writing as required by such ordinance, and, among other things, such contract contained the following stipulation: "Ninth. That said city of Bismarck agrees that in case a change of grade in the streets and avenues in said city renders it necessary to raise and lower the water mains and pipes herein specified, that it, the said city, will pay the cost of relaying said water mains and pipes." And in ¶ 10 of such contract it is further stipulated as follows: "And in the event of a change of grade on any street or highway where the party of the second part shall have theretofore laid pipes or mains, the party of the first part shall reimburse the party of the second part in full for any expense that said party of the second part may be put to on account of such change of grade, either by way of lowering its pipes or mains or otherwise;" which contract was appproved and confirmed by the city council of said city on May 12, 1905.

6. That pursuant to the license, privilege, and franchise granted to it by ordinance 188 aforesaid, plaintiff, in the year 1905, laid a water main in, along, and under Second street, in said city, between Avenues A and B, at about the depth of 8 feet below the surface and grade of said street, for the purpose of supplying water to the residents and inhabitants upon said street, and has ever since such time supplied water to such residents and inhabitants.

7. That in the year 1907 or 1908 the defendant city for the first time established a grade for such street, and caused the surface of such street to be brought to such grade, thereby lowering the natural grade theretofore used to such an extent that plaintiff's mains and pipes theretofore laid were too near the surface to be below the frost line, and it became necessary for plaintiff to lower and relay such main and pipes, which it did in July, 1910, at the necessary expense to it of the sum sued for.

8. Thereafter, and on July 23, 1910, plaintiff duly presented a statement of the said claim to the board of city commissioners of such city, and demanded payment thereof; and such board, on August 23, 1910, disallowed and refused the payment of such claim.

9. Plaintiff laid its main and pipes in such street in 1905 while ordinance No. 83 was in force and effect, and by the answer defendant city seeks to urge the defense of *ultra vires,* claiming that the city was without power or authority, either by ordinance or contract, to obligate itself to reimburse plaintiff for any expense incurred by it in relaying its mains which had been laid prior to the taking effect of ordinance No. 188 and the making of the contract pursuant thereto. It is also alleged in the answer in effect that the liabilities thus attempted to be assumed by the city under such ordinance and contract, when added to the then existing indebtedness of such city, exceeded the constitutional debt limit, and consequently such ordinance and contract to such extent were and are null and void.

Appellant's assignments of error all relate to the ruling of the court below in granting plaintiff's motion for judgment on the pleadings.

We find no error in such ruling. Appellant's first point is that ordinance No. 188 and the contract entered into pursuant thereto are invalid to the extent that they undertake to indemnify plaintiff for expenses incurred by it on account of a change of grade in lowering such water

mains and pipes as were originally laid during a time preceding the passage of such ordinance and while ordinance No. 83 was in force, which latter ordinance created no such expressed liability. In other words, it contends that ordinance No. 188 could not be made to operate retrospectively, and that such ordinance and contract to this extent interfere with vested rights and obligations created and existing between these parties by virtue of the old ordinance and franchise. Such contention is unsound and predicated upon a false premise. The new ordinance and contract do not operate retrospectively merely because they relate to mains and pipes theretofore laid. When the new ordinance took effect the old one had terminated by lapse of time, and the parties thereby entered into new contractual relations, which of necessity should cover the old mains and pipes if they were to continue in the future to be utilized as a part of plaintiff's waterworks system. The parties thus contracted with a view to future mutual benefits and burdens. That they had the right to thus contract, there is no room for doubt. The old contract having expired, it follows that, in the absence of a new one obligating the plaintiff to maintain its waterworks plant and to furnish water to the city and its inhabitants, it had the right to discontinue such enterprise. If this be true, then manifestly it possessed the right, in entering into the new contractual relation, to exact such terms and stipulations as it saw fit; and of course the city could do likewise, being limited only by constitutional or statutory regulations. We are aware of no constitutional or statutory provisions depriving the municipality of the power to obligate itself to reimburse plaintiff for the actual expenses entailed by it in connection with its plant, occasioned by the action of the city in changing its street grades in the future. We do not question the soundness of the rules announced by the numerous authorities cited in the brief of appellant's counsel, but we do not deem such rules applicable to the point under consideration. The fact that the city assumed no such contractual obligation under the prior ordinance is in no manner material or controlling.

It is next asserted that the grade of this street was not established by defendant city until 1907, and the conclusion is therefore drawn that as a consequence there was not and could not have been a change of grade within the meaning of such ordinance and contract. In other words, that no liability exists except in case of a change of an *established*

grade. The fallacy of such argument lies in the fact that the contract does not thus stipulate, but, on the contrary, it is therein expressly stipulated that "in the event of a *change of grade on any* street or highway where the párty of the second part shall have *theretofore laid pipes or mains,* the party of the first part shall reimburse the party of the second part in full," etc. Such stipulation is clear and is susceptible of but one interpretation, and that, in accordance with respondent's contention, to the effect that any change of grade, whether it be a natural grade or a grade established by ordinance, was within the contemplation of the contracting parties. The contract does not mention "established grade," but reads: "The said city of Bismarck agrees that in case of change of *grade,"* etc. The court, of course, cannot make a different contract for the parties. It can only enforce the contract as made. But this is in effect what we are asked to do by reading into such contract the word "established." In Less v. Butte, 28 Mont. 27, 61 L.R.A. 601, 98 Am. St. Rep. 545, 72 Pac. 140, it was held, in accordance with the apparent weight of authority and in the absence of any contract to such effect, that the defendant city was liable for damages to an abutting property owner resulting from a change for the first time of a natural to an established grade, the court saying: "The first grade of Broadway street was that provided by nature, and the alteration made by appellant was as much a change of grade as if the change had been made from a grade previously established by the authorities." See also Searle v. Lead, 10 S. D. 312, 39 L.R.A. 345, 73 N. W. 101; Whittaker v. Deadwood, 12 S. D. 608, 82 N. W. 202; Eachus v. Los Angeles Consol. Electric R. Co. 103 Cal. 614, 42 Am. St. Rep. 149, 37 Pac. 750, and Eachus v. Los Angeles, 130 Cal. 492, 80 Am. St. Rep. 147, 62 Pac. 829. It is true there are a few cases announcing a contrary rule, such as Leiper v. Denver, 36 Colo. 110, 7 L.R.A. (N.S.) 108, 118 Am. St. Rep. 101, 85 Pac. 849, 10 Ann. Cas. 847, and cases therein cited, but as stated in the note to the latter case the authorities are massed against such holdings.

There appears, however, to be a well-recognized distinction made by the authorities between the rights of abutting property owners and those of persons merely owning franchise for the laying and maintaining of water and other pipes, etc., in the streets of a city, relative to the recovery of damages occasioned by a change of grade. 1 Lewis, Em. Dom.

3d ed. § 192, and numerous cases cited, among which are Stillwater Water Co. v. Stillwater, 50 Minn. 498, 52 N. W. 893; Columbus Gaslight & Coke Co. v. Columbus, 50 Ohio St. 65, 19 L.R.A. 510, 40 Am. St. Rep. 648, 33 N. E. 292; Rockland Water Co. v. Rockland, 83 Me. 267, 22 Atl. 166; Natick Gaslight Co. v. Natick, 175 Mass. 246, 56 N. E. 292; Roanoke Gas Co. v. Roanoke, 88 Va. 810, 14 S. E. 665; Scranton Gas & Water Co. v. Scranton City, 214 Pa. 586, 6 L.R.A. (N.S.) 1033, 64 Atl. 84, 6 Ann. Cas. 388; Wabash R. Co. v. Defiance, 167 U. S. 88, 42 L. ed. 87, 17 Sup. Ct. Rep. 748.

None of these cases, however, involved an express contract fixing a liability such as we have in the case at bar, and in some of such authorities it is expressly recognized that the rule may be changed by contract. Chief Justice Gilfillan in Stillwater Water Co. v. Stillwater, 50 Minn. 498, 52 N. W. 893, expressly recognized the right of the city to modify such rule by contract. We quote: "When one acquires a right to use a street or highway for purposes of his own, the right is subject and must be enjoyed in subordination to the power of the public authorities to keep it in condition for public use, *unless the express terms of the grant by which he acquires the right,* or the nature of the right acquired by him, *necessarily excludes or limits such power.* So when under this ordinance the plaintiff acquired the right to lay pipes in the streets, that right was subordinate to the power of the city to establish grades and grade the streets. There is nothing in the terms of the ordinance excluding that power, and nothing, except in the proviso to § 4, limiting it; and although the exercise of the power may at times cause plaintiff inconvenience and expense, that is nothing more than it took the risk of in accepting the grant. There is nothing in the right granted inconsistent with or which excludes the power of the city over the matters referred to; *and except where the city has assumed a liability by reason of exercising that power, none exists.*"

While the power of a city to change its street grades is a governmental power which cannot be contracted away, it does not follow from this that the city, in the exercise of its business capacity such as the city of Bismarck exercised in entering into the contract in question for the purpose of supplying water to the city and its inhabitants, cannot obligate itself to reimburse the water company for its actual expenses occasioned by a change of such grades. The contract is not unreasonable, was

entered into voluntarily without fraud and presumably for an adequate consideration to be received by the city. Main Water Co. v. Waterville, 93 Me. 586, 49 L.R.A. 294, 45 Atl. 830.

. The contention of appellant, to the effect that by the contract in question, the defendant city undertook to bargain away a part of its governmental powers, is, we think, for the foregoing reasons, without merit. Nor do we deem its contention sound, to the effect that by such contract the city incurred an indebtedness in excess of the constitutional debt limit. The presumption is in favor of the validity of the acts of the defendant's officers. Furthermore, the answer sets forth no sufficient facts as a basis for this attempted defense. No indebtedness was incurred by the ordinance and contract in question in so far as expenses such as those here sued for are concerned. As to this feature of the contract the defendant city merely incurred a contingent future liability. The trial court was clearly correct in entering judgment on the pleadings, and such judgment is accordingly affirmed.