OPINION
OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION
* * * * * *
QUESTION PROPOUNDED BY THE SENATE IN AN ORDER
DATED APRIL 24, 1957

ANSWERED MAY 6, 1957

SENATE ORDER PROPOUNDING QUESTION
STATE OF MAINE

In Senate, April 24, 1957

WHEREAS, it appears to the Senate of the 98th Legislature that the following is an important question of law and the occasion a solemn one; and

WHEREAS, there is pending before the Senate of the 98th Legislature, a bill entitled "An Act Relating to Cost of Relocating Facilities in Federal-Aid Interstate Highway Projects," (Senate Paper 385, Legislative Document 1081) as amended by Senate Amendment A (Legislative Document 1510) ; and

WHEREAS, it is important that the Legislature be informed as to the constitutionality of the proposed bill; be it therefore

ORDERED, that in accordance with the provisions of the Constitution of the State, the Justices of the Supreme Judicial Court are hereby respectfully requested to give the Senate their opinion on the following question:

Would the bill, "An Act Relating to Cost of Relocating Facilities in Federal-Aid Interstate Highway Projects," (Senate Paper 385, Legislative Document 1081) as amended by Senate Amendment A (Legislative Document 1510), if enacted by the Legislature, be constitutional?

In Senate Chamber, April 24, 1957. Read and passed.

CHESTER T. WINSLOW, Secretary

True Copy.

Attest: CHESTER T. WINSLOW.

Name: Parker

County: Piscataquis

## NINETY-EIGHTH LEGISLATURE

Legislative Document                                    No. 1510

In Senate, April 19, 1957.

Read and adopted. Sent down for concurrence and ordered printed.

CHESTER T. WINSLOW, Secretary

Presented by Senator Cole of Waldo.

STATE OF MAINE

IN THE YEAR OF OUR LORD NINETEEN
HUNDRED FIFTY-SEVEN

SENATE AMENDMENT "A" to S. P. 385, L. D. 1081, Bill, "An Act Relating to Cost of Relocating Facilities in Federal-Aid Interstate Highway Projects."

Amend said Bill by striking out everything after the enacting clause and inserting in place thereof the following:

R. S., c. 23, § 23-A, additional.   Chapter 23 of the Revised Statutes is hereby amended by adding thereto a new section, to be numbered 23-A, to read as follows:

'Sec. 23-A.   Payment for cost of relocating facilities in interstate system.   Any utility which is required to move or relocate its facilities under the provisions of this section from or in any way because of construction needs in building the interstate system under the Federal-Aid Highway Act of 1956 on projects for which the contracts are signed after the effective date of this act shall be reimbursed for the cost of relocation of such facilities as said cost is defined in said Federal-Aid Highway Act.   The State Highway Commission may make rules and regulations for the determination of such cost in conformity with applicable Federal rules and regulations under said Act.   The Commission shall have such rights to inspect the books of account of the utility as may be required in determining the reimbursable costs provided in this section.

Whenever the Commission shall determine that any utility facility which now is, or hereafter may be, located in, over, along or under any way should be moved or relocated because of construction needs in building said interstate system, the utility owning or operating such facility shall relocate or move the same in accordance with an order of the

Commission. If the failure of the utility to move such facility within the time specified in such order should delay the work of the contractor on the project involved, the utility shall be liable to the State for the damages that the State may be required to allow to the contractor under the contract between the State and the contractor for delay in the work caused by the presence of the facility. The utility shall not be liable for such damages if its failure to move shall be for reasons beyond its control. If the Commission and the utility shall not agree as to the liability of the utility for such damages, either party may petition any Justice of the Superior Court for a determination thereof. Such liability shall not exceed such reimbursable costs as may be determined by the provisions of the preceding paragraph.

"Utility" as used in this section shall mean and include any public utility under the jurisdiction of the Public Utilities Commission and also any corporation which owns and operates a telephone or telegraph system or an oil pipe line system and which is subject to the jurisdiction of the Federal Communications Commission or Interstate Commerce Commission.'

Transmitted by Director of Legislative Research
pursuant to joint order.

NINETY-EIGHTH LEGISLATURE

Legislative Document                                    No. 1081

S. P. 385                          In Senate, February 28, 1957

Referred to the Committee on Highways, sent down for concurrence and ordered printed.

CHESTER T. WINSLOW, Secretary

Presented by Senator Parker of Piscataquis.

## STATE OF MAINE

### IN THE YEAR OF OUR LORD NINETEEN HUNDRED FIFTY-SEVEN

### AN ACT Relating to Cost of Relocating Facilities in Federal-Aid Interstate Highway Projects.

Be it enacted by the People of the State of Maine, as follows:

**R. S., c. 23, § 19-A, additional.** Chapter 23 of the Revised Statutes is hereby amended by adding thereto a new section to be numbered 19-A, to read as follows:

'**Sec. 19-A. Payment for cost of relocating facilities in federal-aid highway projects. Whenever the State Highway Commission shall determine that any public utility facility which now is, or hereafter may be, located in, over, along or under any highway in the interstate system as defined in the Federal-Aid Highway Act of 1956 should be relocated or removed, the public utility owning or operating such facility shall relocate or remove the same in accordance with the order of the Commission; provided that the cost of relocation or removal, including the cost of installing such facilities in a new location, and the costs of the lands, or any rights and interests in land and any other rights required to accomplish such relocation, shall be ascertained and paid by the State as part of the cost of such federally aided project. Cost of relocation shall include the entire amount paid by such utility properly attributable to such relocation after deducting therefrom any increase in the value of the new facility and any salvage value derived from the old facility.'**

### ANSWER OF THE JUSTICES

To the Honorable Senate of the State of Maine:

In our opinion the Act is constitutional. However, the expenditure of the revenues described in Art. IX, Sec. 19 of

our State Constitution for the purposes of the Act would be unconstitutional.

Under the proposed Act, the State will pay the cost of relocation of public utility facilities arising from the construction of an interstate system of highways under the Federal-Aid Highway Act of 1956.

In considering the constitutionality of the Act we must keep in mind both the Federal Act and our State Constitution.

The Federal-Aid Highway Act of 1956 reads, in part:

"Sec. 111.   Relocation of Utility Facilities

(a)   Availability of Federal Funds for Reimbursement to States.—Subject to the conditions contained in this section, whenever a State shall pay for the cost of relocation of utility facilities necessitated by the construction of a project on the Federal-aid primary or secondary systems or on the Interstate System, including extensions thereof within urban areas, Federal funds may be used to reimburse the State for such cost in the same proportion as Federal funds are expended on the project: *Provided,* That Federal funds shall not be apportioned to the States under this section when the payment to the utility violates the law of the State or violates a legal contract between the utility and the State.

(b)   Utility Defined.—For the purposes of this section, the term 'utility' shall include publicly, privately, and cooperatively owned utilities.

(c)   Cost of Relocation Defined.—For the purposes of this section, the term 'cost of relocation' shall include the entire amount paid by such utility properly attributable to such relocation after deducting therefrom any increase in the value of the new facility and any salvage value derived from the old facility."

Article IX, Section 19 of the Maine Constitution reads:

"All revenues derived from fees, excises and license taxes relating to registration, operation and use of vehicles on public highways, and to fuels used for the propulsion of such vehicles shall be expended solely for cost of administration, statutory refunds and adjustments, payment of debts and liabilities incurred in construction and reconstruction of highways and bridges, the cost of construction, reconstruction, maintenance and repair of public highways and bridges under the direction and supervision of a state department having jurisdiction over such highways and bridges and expense for state enforcement of traffic laws and shall not be diverted for any purpose, *provided* that these limitations shall not apply to revenue from an excise tax on motor vehicles imposed in lieu of personal property tax."

First: Apart from Art. IX, Sec. 19 of the Constitution, which we later discuss, we find no objection to the Act on constitutional grounds. At common law there is no obligation to pay for the removal or relocation of public utility facilities required by changes in highways. *Belfast Water Co.* v. *Belfast*, 92 Me. 52 (1898); *Rockland Water Co.* v. *Rockland*, 83 Me. 267 (1891); *Telephone* v. *Cyr*, 95 Me. 287 (1901). The State, however, may, in our view, pay for the cost of relocating such facilities, if it chooses to do so. The purpose of such expenditures is public in nature, and the extent and conditions under which the State may meet such costs are for the Legislature to determine.

Second: In our opinion the relocation of a utility facility is not to be construed as construction or reconstruction of a highway within the meaning of Art. IX, Sec. 19 of the Constitution.

We do not commonly consider that a power company in erecting a pole line or a water district in laying a pipe in a highway is constructing a highway. To an even lesser de-

gree would we consider the construction of a pole line or a water pipe across country to be the construction or reconstruction of a highway, although the reason for the relocation was occasioned solely by changes in the highway.

The language of the Constitution should not, in our view, be extended beyond its plain and ordinary meaning.

The expenditure of revenues from sources enumerated in Art. IX, Sec. 19, *supra,* for these purposes would, therefore, violate the Constitution. It will be noted, however, that there is no constitutional prohibition against the expenditure for such purposes of funds derived from other sources.

Dated at Augusta, Maine, this 6th day of May, 1957.

Respectfully submitted:

ROBERT B. WILLIAMSON
ALBERT BELIVEAU
WALTER M. TAPLEY, JR.
FRANCIS W. SULLIVAN
F. HAROLD DUBORD

I concur with the foregoing opinion except as it places an interpretation upon Art. IX, Sec. 19 of the Constitution of Maine which in my view is too narrow. I am satisfied that the limitation placed upon the expenditure of highway funds was designed and intended to prevent raids on those funds for purposes entirely unrelated to the highway program. In my view expenditures which may reasonably be considered as incidental to the construction or reconstruction of highways may properly be met out of highway funds whenever the Legislature elects. Presumably utility facilities present an obstacle to the construction or reconstruction of a highway and so must be removed to permit the work to go forward. Obviously, if the facilities are necessary and serviceable, they must be replaced with facilities which are adequate to perform a like service. The proposed legislative enactment provides that any increased

value of the facility will be provided by the utility and any salvage value of the old facility will be credited to diminish the cost. In short, the utility will be made whole and no more. If the cost of relocation, thus limited, be used as the measure of the damage to the utility, it seems to me that there is involved no expenditure of funds in excess of that reasonably incidental to construction and reconstruction. If the state were merely to pay to the utility the fair replacement value of the facilities which might be encountered, demolished and removed as the construction proceeded, the results would be the same. Art. IX, Sec. 19 does not in express terms permit the expenditure of highway funds for the purchase or taking of land for the construction or reconstruction of highways, yet I suppose that no one would seriously question the right to make such expenditures out of highway funds as reasonably incidental to the construction of the road. If it were found less costly to move a building and establish it in a new location than to purchase the building outright and demolish it, I would not think that the expenditure of highway funds for this purpose would violate the constitutional intent. In the illustrations used, I see only a difference in degree but not in fundamental principle. I would hold the proposed enactment constitutional without regard to the limitations imposed by Art. IX, Sec. 19.

DONALD W. WEBBER.