THE TRAVELERS' INSURANCE COMPANY, a corporation, Plaintiff and Respondent, v. C. L. MAYER, Justice of the Peace in and for the City of Wahpeton, County of Richland, North Dakota, Defendant and Appellant.

**Mandamus—Procedure—Issuance of Peremptory Writ—Appeal.**

1. Where on the return of an alternative writ of *mandamus*, defendant showed cause by answer, and issue was joined by a demurrer to the answer, after hearing counsel for the respective parties, an order was made sustaining the demurrer and dismissing the answer. Such order did not recite in terms that it was made "by the court," and it was signed "W. S. Lauder, Judge." *Held*, that the order was an order of the district court, and was not an order made "at chambers."

2. Without further proceedings, and without obtaining an order adjudging that the peremptory writ of *mandamus* should issue, such writ did issue, and was served on defendant. The issuing of the writ was excepted to, and in the exception thereto the writ was styled an "order." No appeal was taken from the order sustaining the demurrer or from the peremptory writ denominated an "order," but, after the time for appeal had expired, a motion was made to vacate such writ, and an order of the district court was made refusing to vacate the same; and defendant has attempted to appeal from the last mentioned order to this court, under subdivision 5, § 24, c. 120, Laws 1891. *Held*, that the appeal will not lie. Under § 4828, Comp. Laws, the district court is "always open," except for the trial of issues of fact in actions; and hence an appeal will lie from an appealable order of the court whether the same is made out of term or in term.

Whether the district court acts upon a given matter cannot be determined by the form of the order or the style of the judge's signature thereto.

3. This case follows and is governed by Insurance Co. v. Weber, *post*, 50 N. W. Rep. 703, the opinion in which is handed down with this.

(Opinion Filed Nov. 18, 1891.)

*A*PPEAL from district court, Richland county; Hon. W. S. LAUDER, Judge.

*W. E. Purcell* and *L. B. Everdell,* for appellant. *McCumber & Bogart,* for respondent.

Application of the Travelers' Insurance Company for a writ of *mandamus* to C. L. Mayer, a justice of the peace for Richland county, to compel him to issue execution on a certain judgment. Writ allowed. Defendant appeals. Appeal dismissed.

The opinion of the court was delivered by

WALLIN, J. On January 3, 1891, an alternative writ of *mandamus,* signed by "W. S. Lauder, Judge," was issued, commanding the defendant, C. L. Mayer, justice of the peace, to issue execution out of his court upon a judgment therein in favor of this plaintiff and against one Gertrude Weber, or "show cause before the judge of this court, in chambers, at his office in the city of Wahpeton," etc. Defendant showed cause by answer setting up certain defenses. A general demurrer to the answer was interposed, and plaintiff also moved to strike out the answer. After a hearing the following order was made: "This action coming on to be heard on the foregoing demurrer on the 10th day of January, 1891, and after hearing the argument of the attorneys for the respective parties herein, it is ordered that the said demurrer be, and the same is hereby sustained, and the answer in said action dismissed. Dated January 10th, 1891. W. S. LAUDER, Judge." On the same day an exception was taken and allowed to said order. So far as appears of record, no separate order or judgment was made directing the peremptory writ to issue; but on the said hearing

upon which the demurrer to the answer was sustained and the answer dismissed, a peremptory writ did issue in due form, directed to the defendant in this proceeding, and which, among other things, recites that it appears by affidavit " and by the evidence adduced in said action on the trial thereof this day," etc. The concluding and mandatory part of the peremptory writ is as follows: "Therefore we do cammand you that immediately after the receipt of this writ, upon the payment or tender of your lawful fees therefor, you issue an execution in favor of the said plaintiff and against the said defendant in said action for the restitution and possession of said premisses. Dated January 10th, 1891. W. S. LAUDER, Judge." An exception was allowed as follows: " To the foregoing order the defendant by his attorney excepts. W. S. LAUDER, Judge." Service of the above was admitted by defendant's counsel on January 10, 1891. No appeal to this court has been taken from the order sustaining the demurrer and dismissing the answer, or from the peremptory writ. A peremptory writ does not regularly issue in a *mandamus* proceeding until the court, by an order of judgment, awards such writ. The practice in New York is indicated in 5 Wait, Pr. 591, also 594–596. Our statute contemplates that a judgment shall be entered. § 5527, Comp. Laws. See, also, Hayne, New Trial & App. 981; and as to appeals in *mandamus*, see § 5536, Comp. Laws. In this proceeding, as has been said, no order or judgment was made or entered in terms awarding the peremptory writ. The writ issued at once after the order was made sustaining the demurrer and dismissing the answer. In strictness and in fact, though not in terms, the order sustaining the demurrer was in this case the final order in the proceeding, and the court below assumed that no further order or judgment was necessary to award the writ. This order, under the circumstances, liberally construed, would be an appealable order. It sustained a demurrer, and in this proceeding was, in effect, " a final order affecting a substantial right made in a special proceeding." Subdivision 2, 3, § 24, c. 120, Laws 1891; State v. Webber, 31 Minn. 211, 17 N. W. Rep. 339. The peremptory writ does in a sense embody an order, and also an adjudication in the nature of a judgment,

but, to prevent confusion in practice, it must be distinguished from an order, and must preserve its identity. It is a peremptory writ, and is so denominated in all works of practice, as well as in the statute. If the writ could be regarded as a judgment, an appeal would lie from it to this court, under § 5536, Comp. Laws. But no appeal to this court has been taken, either from the order sustaining the demurrer or from the peremptory writ of *mandamus*, miscalled an "order." More than sixty days after the order sustaining the demurrer was granted, and after the peremptory writ issued and was served, proceedings were taken in the court below, which indicate that the court, as well as defendant's counsel, acted upon the theory that the writ, and not the order sustaining the demurrer, was a final order in a special proceeding. The defendant moved in the trial court to vacate the peremptory writ, describing it as an "order." The motion was made under subdivision 5, *supra*, upon the theory that the so-called "order" was a mere "chamber's order." After hearing counsel, the trial court made the following order: "This action coming on to be heard before me, at my chambers in the city of Wahpeton, county and state aforesaid, on the 13th day of March, A. D. 1891, upon a motion of Purcell & Purcell, attorneys for the defendant herein, to vacate and set aside an order heretofore made, to-wit, on the 10th day of January, 1891, directing the said defendant to issue an execution in an action wherein the Travelers' Insurance Company, a corporation, is plaintiff, and Gertrude Weber is defendant, in favor of the said plaintiff and against the said defendant in said action, for the restitution and possession of the premises described in the complaint of the plaintiff in the said action, and the whole thereof, after hearing the argument of W. E. Purcell on behalf of the defendant and in support of the said motion, and of P. J. McCumber on behalf of the plaintiff and against said motion, now, on motion of P. J. McCumber, attorney for plaintiff, it is hereby ordered and adjudged that the said motion be, and the same is hereby denied. By the court, W. S. LAUDER, Judge. Dated March 13th, 1891."

From the last mentioned order an appeal has been attempted to be taken to this court by the defendant. The position is

taken in this court by respondent's counsel that the order sought to be reviewed is not an appealable order. We think the point is well taken. Certainly such order is not in terms made appealable by the statute. But counsel for the appellant insist that an appeal will lie under subdivision 5, *supra*. Counsel argue that the order refusing to vacate is an order made " by the court " refusing to vacate an appealable order made " at chambers. " In our view, this position is untenable, even from the standpoint of appellant's counsel, for the reason, as we have shown, that the motion to vacate was not leveled at an appealable order, but was leveled at the peremtory writ. But, as the question involves an important practice question, we prefer to place our ruling distinctively upon another ground. The court had occasion, in considering a case argued with this proceeding, and closely associated with it, to pass upon what are essentially the same questions of practice presented in this record. The decision in that case is handed down with this, and will govern this. We refer to Insurance Co. v. Weber, 50 N. W. Rep. 703. Appellant's counsel cite Gere v. Weed, 3 Minn, 352 (Gil. 249.) The case is not authority for appellant's position. That decision was sound when and where it was made, but it was made before that state adopted the system now prevailing there as well as here—*i. e.*, the system under which district courts are " always open, " except for the trial of issues of fact. When that case was decided, conditions differed radically from those existing in this state at present in this: The district court there was not " always open " except for trials of issues of fact in actions; *second*, the common-law powers of a judge or chancellor at chambers could be exercised by constitutional functionaries styled " court commissioners, " as well as by the judge of the district court; *third*, at that time, and by virtue of special statutes, the district court had authority to exercise its power as a court, in certain cases, out of term and in vacation. This class of cases, denominated "vacation business, " was clearly distinguished from " chambers business" proper. See opinion in Gere v. Weed. Here we have no "vacation business, " nor orders "in chambers " deciding court matters, no court commissioners wielding the

authority of a judge at chambers. Here, with the exceptions stated in the statute, the district court is "always open." Comp. Laws, § 4828. But when our present appeal law was originally adopted in the state of Wisconsin, from which state we borrowed it, a condition of affairs existed much the same as that in Minnesota when Gere v. Weed was decided, and subdivision 5, *supra*, was framed to meet the practice then existing in that state, but which does not exist here; and, as was intimated in Insurance Co. v. Weber, that subdivision can have only a limited application here. In this state, where a court matter, after a notice and a hearing, has been decided, and an order made, whether signed by the judge or by the court, or put in the minutes, such order is not an order at chambers, but is an order of the district court, and, if the same is appealable, the appeal must be taken from such order within the time allowed by statute. Nor will a motion made after the time elapses for an appeal prolong such time. See authorities cited in Insurance Co. v. Weber. From these views it follows that the appeal must be dismissed. Such will be the order. All concur.