STATE *ex rel.* McGREGOR v. YOUNG *et al.*, Board of Councilmen.

1.  Where, by the provisions of a village charter, the village officers are required to be elected annually, and the day for such annual election is designated in such charter, it is the duty of the president and board of trustees of such village to give proper notice of such election, and provide ballots, booths, and judges necessary for holding the same.

2.  The designation of such day for the annual election is so far directory that if, from any cause, no election is held on the day designated, it is the duty of such president and board of trustees to call an election at the earliest practicable day thereafter, and make the necessary provisions therefor.

3.  If the annual election has not been called and held upon the day designated in the village charter, and the president and board of trustees neglect to call an election upon the demand of an elector and taxpayer of such village, the circuit court has power by mandamus to compel said president and trustees to call such an election, and provide the necessary ballots, booths, and judges for holding the same.

4.  By the statutes of this state governing mandamus proceedings before a court, a judgment is required to be entered as the basis for the peremptory writ of mandamus; and such peremptory writ issued before the rendition of such judgment is premature and irregular.

5.  Such judgment should be based upon proper findings of fact and conclusions of law, notwithstanding there may be no appearance by the defendant, or no valid defense set up in the answer or return. Comp. Laws, § 5520.

6.  An appeal from a peremptory writ of mandamus, as such, is not allowed under the provisions of the statutes of this state; and an appeal from such writ itself, and not from any judgment or appealable order, will be dismissed by this court on its own motion.

(Syllabus by the Court.   Opinion filed Dec. 19, 1894.)

Appeal from circuit court, Moody county.   Hon. JOSEPH W. JONES, Judge.

Application by the state of South Dakota, on the relation of R. C. McGregor, for a peremptory writ of mandamus to compel E. R. Young and others, as the board of councilmen of the village of Egan, Moody county, S. D., to call an election

for the election of officers of such village. From a judgment granting the writ, Young and others appeal. Dismissed.

The facts are stated in the opinion.

*Joe Kirby* and *R. Brennan,* for appellants.

The writ of mandamus only lies to compel the exercise or performance of a power conferred and duty imposed upon an inferior tribunal; it does not impose a duty or confer a power. Tyler v. Taylor, 29 Gratt 765; Lane v. Phelps, 14 Ky. 642; People v. Gilmer, 10 Ill. 242; People v. Village, 93 Ill. 180; State v. Beloit, 21 Wis. 280; Hall v. Steel, 82 Ala. 562. The writ will not issue to enforce a doubtful right or where a legal duty is not clear or certain. Cassatt v. Barber, 39 Kan. 505; Elizabeth v. Essex, 49 N. J. L. 626; People v. Johnson, 100 Ill. 537; Police v. Grant, 47 Am. Dec. 102; People v. Brooklyn, 1 Wend. 318; People v. Superior, 64 N. Y. 600; 14 Am. & Eng. Ency. law 104. When an issue of fact is joined the court has no jurisdiction to grant a peremptory writ of mandamus until judgment is entered. Frallers Ins. Co. v. Moyer, 50 N. W. 706; Haynes New Tr. & App. 981; People v. Superior, 3 How. Pr. 379; People v. Lewis, 28 How. Pr. 470.

*Palmer & Rogde,* for respondent.

The writ of mandamus will lie to compel officers of a village to call an election for the election of officers even when the regular election day has passed, the charter or the law requiring an election to be held and providing for such a contingency. People v. The Town, 51 Ill. 152; State *ex rel* v. Ansel Smith, 22 Minn, 218; 3 Dillon Mun. Corp. sec. 839.

CORSON, P. J. The defendants, constituting the president and board of trustees of the village of Egan having neglected to call an election for the officers of said village, at the time prescribed in the village charter, for the years 1893 and 1894, the circuit court, on application of an elector and taxpayer, issued its alternative writ of mandamus to the president and board of trustees, commanding them to call a village election, or show

cause, etc.   Subsequently, a peremptory writ was issued, from which the defendants appeal.

The village of Egan was incorporated under a special charter passed by the late territorial legislature in 1881.   The term of the village officers is provided for by section 2 of chapter 1, which reads as follows:   ''The elective officers of the corporation shall be, one president, one recorder, three trustees, one treasurer, one justice of the peace and one marshal, which, with the exception of the justice, shall hold their office one year and until their successors are elected and qualified.''   The time for holding elections for such officers is provided for by section 10, same chapter, which reads as follows:   ''There shall be an annual election for the elective officers therein provided on the first Monday in April in each and every year, and the polls shall be kept open from 10 o'clock in the forenoon, until 4 o'clock in the afternoon.   At such election the trustees, or any two of them shall act as judges of election, and the recorder as clerk of election.''   While it is not specifically declared to be the duty of the board to give notice of the election, the duty is clearly incident to the office; and the duty of the board to call the election at the proper time is not questioned by appellants' counsel.   But it is contended by the learned counsel for the appellants that, as the time for holding the election is definitely fixed for the first Monday in April in each year, the board of trustees had no power to call an election at any other time, and the court had no power, therefore, to require it so to do.   While it is true, as asserted by appellants' counsel, that the court cannot, by the writ of mandamus, impose a duty or confer a power not imposed by law, but can simply compel inferior tribunals to exercise a power which it possesses, yet we think this principle is not applicable to the case at bar.   The duty to call the election at the proper time is clearly imposed upon the board as a power incident to the organization of the village, and is recognized as existing by subsequent statutes, especially by the act of the state legislature (chapter 57,

Laws 1891) known as the "Australian Ballot Law." Various duties are imposed upon municipal organizations by that act, which can only be performed by its board of trustees. We cannot, therefore, agree with counsel in their contention. The duty is imposed upon the board to call an election on the first Monday of April in each year; but when, from any cause, the board has failed to cause an election at that time, and to provide the proper ballots, booths, judges, etc., its duty is not performed, and it is its duty to call the election at the earliest practical day thereafter. Notwithstanding the board of trustees neglected its duty at the proper time, the obligation still rested upon it to call an election at the earliest opportunity.

Judge Dillon, in his work on Municipal Corporations, quotes with approval the following from an English work: "The court, says Mr. Willcock, will grant a mandamus to proceed to an election of a new mayor, after the charter day has passed without such election, where the former mayor, having the power to do so, holds over, and refuses to convoke an assembly for that purpose, unless the charter restrains the right of electing to a particular time; and it will be granted for the election of bailiffs; chamberlains, coroners, and other annual officers, although not the chief officers of the corporation." Dil. Mun. Corp. § 838. And the author adds: "So, in this country it has been decided that an election for municipal officers may be held after the charter day, and that a mandamus may be granted to compel the proper officers to give notice thereof." Id. § 839; People v. Town of Fairbury, 51 Ill. 149; State v. Smith, 22 Minn. 218. In the case of People v. Town of Fairbury, *supra*, the time for holding the annual election for the president and trustees of the town had been fixed by an ordinance on the 15th day of August in each year. That day coming on Sunday, the board gave no notice of an election. An application for a mandamus to compel the board to call an election at a subsequent day was granted, and on appeal the supreme court of Illinois held the mandamus proper, the court saying:

"The law requires annual elections, and, when it was discovered the day fixed by ordinance fell on Sunday, the board should have fixed a new day, and given the proper notice before the time expired; but the annual day having, by some means free from design or fraud, been passed by, it was clearly within their power afterwards to call the election; and, having the power, it was their duty to do so after as before the expiration of the year, and a duty which they may be compelled to perform. Any other construction of the law would enable these officers to keep themselves perpetually in power." And Chancellor Kent says "that where the members of a corporation are directed to be annually elected, the words are only directory and do not take away the power incident to the corporation to elect afterwards, when the annual day has, by some means free from design or fraud, been passed by." 2 Kent, Comm. 295. And in State v. Smith, *supra*, the court says: "Assuming that this was the proper time for the election of an assessor, the failure of the council then to act upon the matter, and its adjournment sine die, did not relieve it from the duty, which the law imposed upon it, of making election. So far as relates to the time when such election should be made, the statute is simply directory. Having neglected its duty at the proper time, from whatever cause, the obligation still rested upon it to elect at the earliest opportunity."

The doctrine thus laid down seems to be settled law, and applies to all municipal corporations. The duty is imposed upon the president and board of trustees, as incident to their powers, to call the election at the time designated by law; but their failure to perform that duty so imposed upon them does not have the effect of relieving them from the performance of this duty, and they are not relieved until the duty has been performed. As this court held in Smith v. Lawrence, 2 S. D. 185, 49 N. W. 7, the duties imposed upon public officers are imperative, and performance may be coerced by writ of mandamus. It would be intolerable that a president and board of

trustees of a village could perpetuate themselves and the other village officers in office indefinitely, by neglecting to perform their duty of calling an election, providing ballots, booths, judges, etc. Such neglect of duty cannot be beyond the correction of the courts, and if the officers do not choose to act the courts will set them in motion, and see that the rights of the electors to elect and be governed by officers of their own selection shall not be either denied or prevented. Under the Laws of 1891 a penalty is imposed for the wilful neglect of officers to perform their duty (section 39, c. 57, Laws 1891); but this does not deprive the courts of the power, by mandamus, to compel the duty to be performed at a subsequent time. We are of the opinion that the section fixing the time for the election is not restrictive, and does not prevent an election being held at a subsequent day.

It is further contended by counsel for appellants that the proceedings of the court below were irregular, in this: that there were no findings of fact by the court, and no judgment rendered by the court; and for these reasons counsel insist that the case should be reversed. All presumptions are in favor of the regularity of the proceedings of the trial court; and, in the absence of a showing to the contrary we would be required to presume that the requisite facts were proven and found by the court. But, assuming that the proceedings in the case were those only disclosed by the abstract, namely, the affidavit, alternative writ, answer and peremptory writ, there is a serious question as to whether or not the failure to render a judgment upon which the peremptory writ could be issued would not invalidate the writ if the appellants were in a position to avail themselves of the irregularity. The appellants, however, without making any motion in the court below to set aside or vacate the writ, have appealed directly from the peremptory writ itself, as appears from their notice of appeal given in their abstract, and not from any judgment or order, unless the peremptory writ itself is to be regarded as a judgment. If the

counsel for appellants are correct in their contention that the peremptory writ is not a judgment, then their appeal is not properly in this court, and should be dismissed, as, by the law of this state, appeals to this court are only allowed from judgments or appealable orders. The learned counsel for respondent contend that the peremptory writ itself is a judgment. If they are correct in their contention, then the appeal may be regarded as properly taken, treating the writ as a judgment. It seems necessary, therefore, to examine the questions of practice in mandamus proceedings under the statutes of this state. At common law the peremptory writ was regarded as the final determination of the rights of the parties, and no formal judgment seems to have been required upon which to base the writ. Mr. High, in his work on Extraordinary Legal Remedies, says: "The peremptory writ of mandamus, is the final or absolute mandate of the court, directing the performance of some official act or duty on the part of the respondent upon his failure to make satisfactory return to the alternative writ previously granted. It is the final judgment in the proceeding, and sustains much the same relation to the alternative writ that a perpetual injunction bears to a preliminary or interlocutory injunction, being the final assertion of the relator's right and of the respondent's duty." High, Extr. Rem. Sec. 547. But notwithstanding the writ was regarded at common law as determining the rights of the parties, and could be issued and enforced without a judgment upon which to base the same, no writ of error would lie to such writ, and before the case could be reviewed by an appellant court, a formal judgment was required to be entered. High, Extr. Rem. Sec. 556; People v. Brooklyn, 13 Wend. 130; People v. Throop, 12 Wend. 181. The latter case well illustrates the practice at common law. The application for the writ was made to the supreme court, and the peremptory writ seems to have been issued before any judgment was entered. But the court, in speaking of a review on writ of error, says: "There can be no impropriety in grant-

ing a peremptory writ in the first instance. The rule to show cause has performed the office of an alternative writ. The same matter has now been presented to the court by affidavit which would have come in the shape of a return to an alternative mandamus. A delay might render nugatory the whole proceedings as to the relator, and granting the peremptory writ in the first instance cannot prejudice the defendant or the directors as to a review of the decision of this court. If it is desired a record may be made up pro forma and judgment rendered at the first term, so that the party defendant may bring his writ of error if he be so advised. A peremptory mandamus is ordered."

The practice at common law seems to have been followed in this state, and held applicable to peremptory writs issued by a judge as such. In such case the writ must necessarily issue without a judgment on which to base the same, as a judge, as such, can render no judgment. This was so held by the late territorial supreme court in Territory v. Shearer, 2 Dak. 332, 8 N. W. 135. That court says: "There is nothing in the objection of the appellant that the judge inserted, before his signature, the words 'By the Court.' He had full authority to sign it as judge. The words 'By the Court' would therefore be surplusage. But if there were any force in this objection it is entirely removed by the fact that the peremptory writ was immediately signed and issued by the judge. The judge having full authority to issue the writ himself, it was not necessary for him to enter an order or judgment directing its issue. And it is not necessary for the clerk to attest the writ when the same is issued by the judge at chambers." As to the proceedings when the peremptory writ is issued by a judge see Holden v. Haserodt (S. D.) 51 N. W. 340; Black Hills Flume & Min. Co. v. Grand Island & W. C. R. Co., 2 S. D. 546, 51 N. W. 342. But, when the proceedings are before the court, we are of the opinion that our statute has made a material change in the common law practice, and that, before the peremptory writ can properly is-

sue, a formal judgment must be entered as a basis for the peremptory writ. Section 5527, Comp. Laws, was evidently intended to require a judgment in such case before the peremptory writ can issue. It provides that, "if judgment be given for the applicant, he may recover the damages, etc., * * *; and a peremptory mandamus must also be awarded without delay." It will be observed that this section makes a distinction between the judgment and the peremptory writ, and that the writ must be awarded by the judgment. The whole theory upon which the statute is framed seems to indicate that the proceedings are to be conducted, as nearly as practicable, in accordance with the proceedings in ordinary civil actions; and we are clearly of the opinion that the practice under our statute requires the court to render a formal judgment as the basis for the peremptory writ before the writ can issue. This seems to be the construction placed upon our statute by the learned supreme court of North Dakota, in which state the same statute is in force. Insurance Co. v. Mayer (N. D.) 50 N. W. 706. And Mr. Spelling, in his work on Extraordinary Relief, seems to assume that a judgment is required in all such cases, and he says: "The plainest rule as to judgment is that it should follow the pleadings, and, if for the relator, should, like the peremptory writ of which it forms the basis, conform to the alternative. But relief will be granted in mandamus where a case is made out in part, even if it fails in other respects. Where, however, the court directs a writ of mandate to issue requiring the defendant, as an auditor, to issue a warrant upon the treasurer to pay a sum of money to the petitioner, the clerk cannot render a personal judgment against the auditor; nor can the writ of mandamus be granted without evidence and by default." And it would seem to necessarily follow that proper findings of fact and conclusions of law should also be made, as provided in other actions tried by the court, as no "peremptory writ can be granted by default." Section 5520, Comp. Laws. These views lead to the conclusion

that the peremptory writ in this case was prematurely issued, if issued without a judgment; but as the appeal, as we have before stated, was not taken from any judgment or appealable order, but from a peremptory writ as such, we can only enter a judgment dismissing the appeal. It may be proper to say that in view of the importance of the questions raised by the assignments of error in the record, both as to the merits and upon questions of practice in mandamus proceedings under our statute, and in view of the further fact that counsel have treated the appeal as properly taken, and have fully presented their views upon the questions involved, we have treated the appeal as properly before us, for the purpose of discussing the questions presented, and expressing our views upon the same. The appeal is dissmissed.