[File No. 6154.]

STATE OF NORTH DAKOTA EX REL. BURKE COUNTY FARMERS PRESS, a Corporation, and L. C. Miller, Respondents, v. H. F. MAGEDANZ, County Auditor of Burke County, North Dakota, and Jerry Donovan, County Treasurer of Burke County, North Dakota, Appellants.

(250 N. W. 336.)

Opinion filed August 9, 1933.    Rehearing denied October 10, 1933.

*Earl Walter,* for appellants.

*H. A. Hanson* and *Gordon Hanson,* for respondents.

BURKE, J. At the proper time in the fall of 1932 the auditor of Burke county, North Dakota, prepared and delivered to the official paper of the county, for publication, a notice of tax sale of delinquent real estate taxes, hail indemnity taxes and special assessment taxes, remaining unpaid for the year 1931. That part of the notice material in this action reads as follows: "Notice is hereby given that these taxes will be sold at public sale in the manner provided by law in the court room, in the Court House, in the City of Bowbells, Burke County, North Dakota, on Tuesday the 8th day of December, A. D. 1932, commencing at 10 o'clock A.M. and continuing until all lands and lots have been sold for said taxes."

. The notice was published on the 25th day of November, 1932, and

on the 2nd day of December, 1932. The date of sale in the notice published in the official paper was the 8th day of December instead of the 13th day of December, as stated in the original notice delivered to the official newspaper by the county auditor.

Section 2189, Supplement to the Compiled Laws of 1913, provides that "notice of the delinquent real estate tax sale in the official newspaper of the county . . . shall be published weekly in such paper two successive weeks, the first publication of such notice to be made at least fourteen days prior to the date of such sale, and . . . shall contain the information that all lands upon which taxes for the preceding year (describing the same) remain unpaid, shall be sold, and shall state the time and place of such sale, which sale shall be held on the second Tuesday in December of each year." The second Tuesday in December in 1932 was on the 13th day of December and the 13th day of December was the date of sale fixed in the notice by the county auditor but changed and published in the official newspaper by the printer to the 8th day of December.

The mistake was not discovered until after the publication was complete and the county auditor then applied to the state's attorney and to the attorney general for advice and received letters from each stating that a legal sale could not be held on the 13th day of December for the reason that no notice of sale had been published to take place on that date.

The relators, the Burke County Farmers Press, a corporation, and L. C. Miller applied to the court for a mandamus to direct the county auditor to hold the sale on the 13th day of December, 1932. An alternative writ was issued returnable on the 12th day of December, 1932, at four o'clock. Thereafter and on the 17th day of December, 1932, the trial judge made his findings of fact and conclusions of law holding that the notice as published was legal notice and that the relators were entitled to a peremptory writ of mandamus commanding the county auditor of Burke county to make, hold and conduct a sale of all real estate set forth and described in the notice for delinquent real estate taxes, hail indemnity taxes and assessment taxes remaining unpaid for the year 1931 at public sale in the manner provided by law, in the court room, in the court house, in the city of Bowbells, North Dakota, on Tuesday, the 13th day of December, 1932, commencing at ten o'clock

A.M. and continuing until all lands and lots, in said notice described, have been sold for taxes as provided by law.

On the 27th day of December, 1932, judgment was entered from which the defendants appeal. On the 13th day of December, 1932, the clerk of the district court issued a peremptory writ of mandamus which states that an order for a peremptory writ was made on the 12th day of December, but there is no such order in the record and it does not appear anywhere in the record that such order was made before the 17th day of December, at which time the findings of fact and order for judgment were signed by the court. The findings and order were originally dated in typewriting the 12th day of December, as stated in the peremptory writ, but the order was not signed on that day. The 12th was stricken out and the 17th was very plainly written in ink cver the typewriting by the judge at the time of signing the findings and order. According to the record, there was no order or judgment for a peremptory writ at the time it was issued, and the writ was a mere nullity.

In the case of Travelers' Ins. Co. v. Mayer, 2 N. D. 234, 50 N. W. 706, this court said: "A peremptory writ does not regularly issue in a mandamus proceeding until the court, by an order of judgment, awards such writ. The practice in New York is indicated in 5 Wait, Pr. 591, also 594–596. Our statute contemplates that a judgment shall be entered. Section 5527, Comp. Laws (1887). (The same being § 8467, Comp. Laws 1913.) See also Hayne, New Tr. & App. 981; . . . In this proceeding, as has been said, no order or judgment was made or entered in terms awarding the peremptory writ. The writ issued at once after the order was made sustaining the demurrer and dismissing the answer . . . and the court below assumed that no further order or judgment was necessary to award the writ. . . . (The judge issued and signed the writ.) The peremptory writ does in a sense embody an order, and also an adjudication in the nature of a judgment, but, to prevent confusion in practice, it must be distinguished from an order, and must preserve its identity."

The South Dakota court, in the case of State ex rel. McGregor v. Young, 6 S. D. 406, 61 N. W. 165, at page 414, construing said § 5527, Comp. Laws, said: "Section 5527, Comp. Laws, was evidently intended to require a judgment in such case before a peremptory writ can issue.

It provides that, 'if judgment be given for the applicant, he may recover the damages, etc., . . . ; and a peremptory mandamus must also be awarded without delay.' It will also be observed that this section makes a distinction between the judgment and the peremptory writ, and that the writ must be awarded by the judgment. The whole theory upon which the statute is framed seems to indicate that the proceedings are to be conducted, as nearly as practicable, in accordance with the proceedings in ordinary civil actions; and we are clearly of the opinion that the practice under our statutes requires the court to render a formal judgment as the basis for the peremptory writ before the writ can issue."

In the instant case there was no judgment until it was entered by the clerk on the 27th day of December and no peremptory writ could issue before that date. No peremptory writ was issued after the entry of judgment and the issuing of a writ, as provided in the judgment at that time, would be entirely useless, as it would be impossible for the auditor to obey a writ issued on the 27th of December commanding him to conduct a tax sale on the 13th of December, of the same year. A sale of real estate for the nonpayment of taxes can only be held after proper and legal notice, as required by the statute, and since there was no notice for a tax sale to be held on the 13th day of December no legal sale could be made on that date.

The judgment of the district court, holding that the tax sale notice was a legal notice, was erroneous and is reversed.

NUESSLE, Ch. J., and CHRISTIANSON, BURR and BIRDZELL, JJ., concur.

## On Petition for Rehearing.

BURKE, J. In a petition for rehearing respondents contend that there was an order for a peremptory writ of mandamus, dated on the 12th day of December, 1932, and filed on December 13, 1932, and a certified copy of the order accompanies the petition. This order, however, is not a judgment, and no peremptory writ of mandamus can be issued in this jurisdiction until after the entry of a judgment in the mandamus proceeding. The judgment was not entered until the 27th

day of December, and, as stated in the opinion, no peremptory writ could issue before that date.

The petition for rehearing is denied.

BIRDZELL, Ch. J., and NUESSLE, CHRISTIANSON and BURR, JJ., concur.