ALGOMA TOWNSHIP *v.* VAN LIEU

1. MUNICIPAL CORPORATIONS—ORDINANCES—CONSTRUCTION—DEFINITIONS.
   Definitions contained in municipal ordinances must be given full effect.

2. MUNICIPAL CORPORATIONS—ORDINANCES—CONSTRUCTION—DEFINITIONS—TRAILER HOUSE.
   Trial court's conclusion that defendants' mobile homes did not fit within plaintiff's zoning ordinance's definition of a "house trailer" as a vehicle used or intended for use as a conveyance upon the public streets or highways *held,* proper.

3. MUNICIPAL CORPORATIONS—ORDINANCES—CONSTRUCTION—PROPOSED AMENDMENTS.
   Refusal of trial court construing a municipal zoning ordinance to consider the effect that proposed amendments to the ordinance would have on an action for violation of the ordinance when such amendments were not proposed until after the action was begun *held,* not an abuse of discretion.

Appeal from Kent, Claude Vander Ploeg, J. Submitted Division 3 March 7, 1969, at Grand Rapids. (Docket No. 5,301.) Decided March 27, 1969.

Complaint by Algoma Township, a municipal corporation, against Gerald L. Van Lieu and Sharon J. Van Lieu, husband and wife, and other property owners similarly situated, to abate a nuisance arising from defendants' claimed violation of

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 37 Am Jur, Municipal Corporations § 187 *et seq.*

plaintiff's zoning ordinance.  Judgment for defendants.  Plaintiff appeals.  Affirmed.

*Annis & Annis,* for plaintiff.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley,* for defendants.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM.  The plaintiff filed a complaint in the circuit court alleging that the defendants were violating a zoning ordinance which was legally adopted in accordance with CL 1948, § 125.351 *et seq.* (Stat Ann 1958 Rev § 5.2973 *et seq.*) and under authority granted by CLS 1961, §§ 125.741–125.744 (Stat Ann 1961 Rev §§ 5.278[21]–5.278-[24]).  The plaintiff alleges therefore that the defendants are subject to penalties under CLS 1961, § 125.745 (Stat Ann 1961 Rev § 5.278[25]).

The issue is whether the mobile homes owned by the various defendants in this action come within the meaning of the term "house trailer" as used in the Algoma Township zoning ordinance which was effective when this suit was initiated.[1]

The trial court properly noted its responsibility to give full force and effect to the definitions contained in municipal ordinances.  *Hubbard* v. *Board*

---

[1] "For the purpose of this ordinance, a house trailer is hereby defined and declared to apply to any vehicle used, or intended for use, as a conveyance upon the public streets, highways, or railroad, and whether licensed or unlicensed, as such; and shall include self-propelled and non-self-propelled vehicles, box cars, or other railroad cars so designated, constructed, reconstructed, or added to by means of portable accessories, or otherwise in such manner as will permit occupancy thereof as a temporary dwelling or sleeping place for one or more persons, and having no foundation other than wheel jacks or skirting so arranged as to be integral with or portable by said house trailer."

*of Trustees of Dearborn Retirement System* (1947), 319 Mich 395.

After consideration of the evidence presented the trial court determined that the mobile homes in question could not be classified as "* * * vehicle(s) used or intended for use as a conveyance upon the public streets [or] highways."

The court consequently found that since the defendants' "mobile" homes were not within the extremely restricted definition of "house trailer" in the ordinance, they could not be in violation of that ordinance.

We also find that the trial court properly refused to consider the effect that the much broader definition of "house trailer" in the proposed amendment to the township ordinance would have on the present suit.[2]

The plaintiff township proposed the amendments after the trial on the merits of the existing ordinance had begun. It was no abuse of discretion for the trial court to deny that such an ordinance could have any effect on the present litigation. *Willingham* v. *City of Dearborn* (1960), 359 Mich 7.

Affirmed.

---

[2] Proposed amendment to Algoma Township ordinance which was publicly posted January 11, 1968: "Amend Section I, Definitions, House Trailer, to read: House trailer is hereby defined and declared to include any tent, vehicle or any originally movable structure designed or used for residential, dwelling, sleeping or camping purposes, whether temporary or permanently, with or without motive power."