**Lowell K. LEONARD, Petitioner and Appellant,**

v.

**Ingolf MEDLANG, Zoning Inspector for Rolette County Zoning Commission and the District No. 1 Board of Zoning Appeal, James Metcalf, Chairman, Respondents and Appellees.**

Civ. No. 9427.

Supreme Court of North Dakota.

April 3, 1978.

**482**

McClintock, Butz & Kraft, Rugby, for petitioner and appellant; argued by Carlan J. Kraft, Rugby.

Arne F. Boyum, State's Atty., Rolla, for respondents and appellees.

PEDERSON, Justice.

In October 1976, Leonard applied to Rolette County for a building permit. Treating it as an application for a zoning certificate to permit the sale of alcoholic beverages without state or county licensing (but pursuant to an unidentified federal export license), the zoning inspector (Medlang) denied the application. On appeal to the Board of Zoning Appeals, the application was again denied (see §§ 18 and 19, Rolette County Zoning Resolution, and Ch. 11–33, NDCC). Leonard then appealed the denial to the district court, and the record before us discloses that that appeal is now pending before the district court.

■ This appeal is from an order denying a motion for a new trial in a collateral proceeding in which Leonard sought a writ of mandamus to compel the issuance of the building permit (Ch. 32–34, NDCC). Orders which either grant or deny motions for new trial are appealable (§ 28–27–02(4), NDCC). The trial court entered no judgment,[1] but executed an order denying the application for a writ of mandamus, and there was no appeal taken therefrom. We do not treat this as an appeal from a final judgment. See *Piper v. Piper*, 239 N.W.2d 1, 3 (N.D. 1976). We affirm the order denying the motion for new trial.

■ We must first comment upon a matter raised but not ruled upon in the trial

1. See *State v. Magedanz*, 64 N.D. 55, 250 N.W. 336 (1933).

court, even though it was not argued here. Rolette County argued, at the trial, that mandamus was not the proper remedy because appeals to the district court are specifically authorized from decisions of the Board of Zoning Appeals by § 19 of the Zoning Resolution and Ch. 11–11, NDCC. This Court has consistently held that, under § 32–34–02, NDCC, mandamus is not available when there is another adequate remedy. *Fargo Ed. Ass'n v. Paulsen*, 239 N.W.2d 842 (N.D.1976); *State v. District Court*, 13 N.D. 211, 100 N.W. 248 (1904). We conclude that Leonard was not entitled to a writ of mandamus but, to prevent the waste of judicial time when the appeal before the district court is heard, we will consider now the merits of Leonard's argument. See our discussion of exhaustion of administrative remedies in *Shark Bros., Inc. v. Cass County*, 256 N.W.2d 701, 705 (N.D. 1977).

The ground stated in the motion for new trial is: "That the Court erred in adopting the rule of law that ordinances are to be applied as the ordinance exists at the time of review." Rule 59(b)(7), NDRCivP.

When Leonard made his application, there existed a zoning resolution which was adopted to protect the integrity of the International Peace Garden, dedicated on July 14, 1932, which now commemorates over 150 years of peace between the United States and Canada. The Peace Garden symbolizes that two nations can and do live in harmony along the longest, unfortified boundary in the world.

The zoning resolution, in October 1976, contained no specific provision prohibiting the sale of alcoholic beverages at any location, whether or not in proximity to the Peace Garden. Leonard conceded, however, that at that time there existed a separate county ordinance preventing the issuance of a county liquor sales license for a location within five miles of an existing licensed location. A license had been previously issued covering a location approximately four and one-half miles from the Leonard property, which borders on the Peace Garden.

After Leonard's application had been denied, an amendment to the zoning resolution was adopted which, in effect, prohibited specifically the sale of alcoholic beverages in the area adjacent to the Peace Garden. The amendment contained no saving provision.[2] Leonard concedes that if he were to be granted a building permit, he would construct a building in which he would engage in the business of selling liquor for export.

Vague reference has been made to a federal law which authorizes a tax exemption for liquor sold for export and which allegedly preempts all control thereover to the exclusion of all state laws or county ordinances. We know of no such federal law and none has been cited in this case. Accordingly, we will assume that if he intended to sell alcoholic beverages Leonard would be subject to the provisions of § 5–02–01, NDCC, which are:

"Any person engaging in the sale of alcoholic beverages at retail without first securing an appropriate license from the attorney general and the governing body of any city, or board of county commissioners if said business is located outside the corporate limits of a city, is guilty of a class A misdemeanor. This section shall not apply to public carriers engaged in interstate commerce."

█ While liquor traffic is not inherently unlawful, the problem presented properly subjects it to a differentiation from all other activities. See *Thielen v. Kostelecky*, 69 N.D. 410, 287 N.W. 513, 124 A.L.R. 820 (1939); 48 C.J.S., Intoxicating Liquors, § 20; 45 Am.Jur.2d, Intoxicating Liquors, § 22; *Sibert v. Department of Alcoholic Beverage Control*, 169 Cal.App.2d 563, 337 P.2d 882 (1959); Annotation, 41 A.L.R.3d 732, § 3.

Leonard's principal argument for reversal is that the denial of a building permit was

2. "Saving provisions" allow the development of property pursuant to building permits or applications granted or made before a rezoning ordinance takes effect. They are similar in concept to the "nonconforming use," which, in general, protects the owner of developed property from the adverse provisions of subsequently adopted zoning or building regulations. See, also, 82 Am.Jur.2d, Zoning and Planning, §§ 178, et seq.

illegal and that courts should not permit a rezoning in furtherance of that illegal action. He cites 82 Am.Jur.2d, Zoning and Planning, § 330, and six cases from Michigan, Wisconsin, Nevada and New Jersey, in each of which there is evidence of equitable considerations not present in this case.[3] From the cases cited in Am.Jur.2d, we learn that, in the majority of jurisdictions, when courts review decisions which reject applications for building permits, they will apply zoning regulations as they exist at the time of the review. There are jurisdictions which take a contrary view.

In *City of Fargo, Cass Cty. v. Harwood Tp.*, 256 N.W.2d 694, 700 (N.D.1977), in which it was argued that it was unfair for Harwood Township to prohibit Fargo from establishing a landfill by a rezoning after Fargo had expended substantial sums to acquire land for an intended landfill, we said:

"The general rule is that a landowner who merely hopes or plans to use his property in a certain way at some time in the future has no protection against zoning changes prohibiting such facility. On the other hand, a landowner who has made substantial expenditures in reliance upon existing zoning or otherwise committed himself to his substantial disadvantage before the zoning change may be protected."

■ We relied upon 8 McQuillan, Municipal Corporations (3d ed.rev.), § 25.66, and 49 A.L.R.3d 13. See, also, the annotation in 49 A.L.R.3d at 1150 which involves rezoning ordinances with "saving provision." Courts generally require a showing of injury or destruction of a vested right[4] before they grant exemption from the application of amended ordinances.

In *Detlaff v. Board of County Com'rs of Ward County*, 136 N.W.2d 835 (N.D.1965),

where a zoning resolution was attacked on constitutional grounds, we said that it must be shown that prejudice resulted. Here, Leonard didn't claim prejudice or "manifest injustice." The denial of Leonard's application to traffic in liquor, without his being licensed by the State or by Rolette County, is not illegal. Rolette County destroyed no vested rights by amending its zoning resolution. There is no evidence that the rezoning was vengeful, capricious or unreasonable. The amendment related to a meritorious defense of the International Peace Garden and was in the interest of the public.

■■ Because there was no showing by Leonard that the ends of justice are not thereby served, we apply the general rule that in equitable actions relief will be awarded as warranted by circumstances existing at the time of the award. See *State v. Simpson*, 78 N.D. 440, 49 N.W.2d 790, 794 (1951), and *Henry S. Grinde Corporation v. Klindworth*, 77 N.D. 597, 44 N.W.2d 417, 430 (1950). Where a petitioner does not have a clear right to the relief sought, a writ of mandamus should not issue. *Eckre v. Public Service Commission*, 247 N.W.2d 656, 666 (N.D.1976).

■ The court did not err in applying the zoning resolution as it existed at the time of the trial. The denial of the motion for new trial is affirmed. Because a matter of public interest is involved, no costs will be allowed.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.

---

3. Cases cited by Leonard are *State ex rel. Humble Oil & Refining Co. v. Wahner*, 25 Wis.2d 1, 130 N.W.2d 304 (1964); *State v. Pagels*, 257 Wis. 376, 43 N.W.2d 349 (1950); *Algoma Township v. Van Lieu*, 16 Mich.App. 640, 168 N.W.2d 417 (1969); *Willingham v. City of Dearborn*, 359 Mich. 7, 101 N.W.2d 294 (1960); *City of Henderson v. Henderson Auto Wrecking, Inc.*, 359 P.2d 743 (Nev.1961); *Vine v. Zabriskie*, 122 N.J.L. 4, 3 A.2d 886 (1939).

4. Compare holdings in *Bismarck Water Supply Co. v. City of Bismarck*, 23 N.D. 352, 137 N.W. 34 (1912), and *Permann v. Knife River Coal Mining Co.*, 180 N.W.2d 146, 163 (N.D.1970), which involved local and State interference with, or denial of, vested rights.