FAIRMOUNT TOWNSHIP BOARD OF SUPERVISORS BY the FAIRMOUNT TOWNSHIP ZONING BOARD, Plaintiff and Appellee,

v.

John R. BEARDMORE, d.b.a. Big Dipper Enterprises, Inc., and Steve Campbell, Defendants and Appellants.

Civ. No. 880089.

Supreme Court of North Dakota.

Nov. 8, 1988.

---

Nilles, Hansen & Davies, Ltd., Fargo, for defendant and appellant John R. Beardmore.

Johnson, Johnson, Stokes, Sandberg & Kragness, Ltd., Wahpeton, for defendant and appellant Steve Campbell; argued by Leo F.J. Wilking for appellant Beardmore.

Serkland, Erickson, Marcil & McLean, Ltd., Fargo, for Fairmount Bd. of Supervisors, plaintiff and appellee; argued by Brad A. Sinclair.

LEVINE, Justice.

John Beardmore (Beardmore) and Steve Campbell (Campbell) appeal from a district court judgment requiring them to pay attorney fees and expenses incurred by the Fairmount Township Zoning Board (the Board) in the processing of Beardmore and Campbell's application for a permit to construct a sanitary landfill facility. We affirm.

On November 16, 1979, Beardmore and Campbell submitted a joint application to the Board seeking a special use permit to

construct a landfill facility within Fairmount Township. At a meeting to discuss the application, Campbell made a motion that resulted in the Board's enactment of Ordinance No. 80–1. The ordinance, enacted on April 28, 1980, provided:[1]

"The applicant for a Permit shall be liable for and pay to the Township Clerk sufficient sums of money to pay for and cover all the costs incurred by the Township for the processing of such application, including but not limited to: publication costs; attorneys' fees; mileage; copy expense, etc. No Permit shall be issued until all such costs and fees prescribed herein have been paid by the applicant, unless the Township Zoning Board has otherwise provided by resolution for a particular case."

The Board took the necessary steps to process Beardmore and Campbell's application, but a special use permit was never granted. On September 27, 1982, the Board finally denied the permit and voted to pursue Beardmore and Campbell for legal fees and expenses incurred after the enactment of the ordinance in the processing of their application.

The district court determined that the ordinance, enacted during the processing of the application, was intended to apply "retroactively," to Beardmore and Campbell and accordingly awarded the Board reimbursement for its attorney fees and expenses.[2]

Beardmore and Campbell contend that the trial court erred in retroactively applying the ordinance to them. They argue that the ordinance is not intended to be retroactively applied to their application.

■ The dispositive issue is whether the ordinance as applied to Beardmore and Campbell constituted a retroactive application. The interpretation of a statute is a question of law fully reviewable by this court. *Rocky Mountain Oil & Gas Ass'n v. Conrad*, 405 N.W.2d 279, 281 (N.D.1987). We are also able to fully review the interpretation of an ordinance. *See City of Bismarck v. Sholy*, 430 N.W.2d 337 (N.D. 1988); *Mini Mart, Inc. v. City of Minot*, 347 N.W.2d 131 (N.D.1984).

■ When interpreting an ordinance, we apply the rules of construction applicable to state statutes. *Sholy, supra; City of Minot v. Central Avenue News, Inc.*, 308 N.W.2d 851, 862 (N.D.1981). Generally, all statutes are to be applied prospectively unless the legislature or enacting authority clearly expresses that they are to be applied retroactively.[3] *See Reiling v. Bhattacharyya*, 276 N.W.2d 237, 240–41 (N.D.1979); NDCC § 1–02–10 (1987). *See also City of Mandan v. Mi–Jon News, Inc.*, 381 N.W.2d 540, 544 (N.D.1986).

■ The ordinance provides that "[t]he applicant" is to pay costs incurred by the Board in the processing of an application. Beardmore and Campbell clearly were applicants and they continued to be applicants until they were denied the permit. Thus, they are members of the class upon whom the ordinance, by its clear language, imposes the obligation of payment. Does this

1. Ordinance 80–1 amended Article 9, Section 4B, of the Fairmount Board of Township Supervisors Ordinances. We have no record of what the Article stated before the amendment. The record merely indicates that the amended Article includes the quoted paragraph. The parties have raised no issue concerning the Article before the amendment.

2. The trial court found a "clear retrospective intention" from the surrounding facts and circumstances. The court considered Beardmore and Campbell's knowledge of Fairmount's intention to apply the ordinance to them, their prior payment to Fairmount for costs and attorney's fees, and the fact that Campbell himself proposed the ordinance. In addition, the court found that because Beardmore and Campbell did not withdraw their application, the application process was not completed until the permit was denied and thus they were liable for costs and attorney's fees incurred after the enactment of the ordinance. The parties stipulated that the costs and attorney's fees of $9,377.33 incurred by Fairmount were reasonable. The trial court awarded Fairmount that amount.

3. An exception was created for ameliorating penal legislation in *State v. Cummings*, 386 N.W. 2d 468, 472 (N.D.1986), where we found a "compelling inference" that the legislature intended to apply retroactively a penal statute that reduced punishment.

make the ordinance retroactive? We believe not.

 An ordinance is retroactive if it takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new liability in respect to transactions or considerations already passed. 6 McQuillin, Municipal Corporations, § 20.70 (3rd ed. 1988); *see State v. J.P. Lamb Land Co.*, 401 N.W.2d 713, 717 (N.D.1987). *See also Reiling, supra* at 239 (a statute is applied retroactively when it is applied to a cause of action that arose prior to the effective date of the statute). The ordinance, as applied to Beardmore and Campbell, does not take away or impair vested rights. There are no vested rights at stake because an applicant for a license or permit does not have vested rights, but a mere expectancy.[4] *See Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 59–60 (2d Cir.1985). *See also Leonard v. Medlang*, 264 N.W.2d 481, 484 (N.D.1978) (no vested rights where one only hopes or plans to use property in a certain way in the future). The ordinance does not require Beardmore and Campbell to pay costs incurred before the effective date of the ordinance. The ordinance was applied to require them to pay only future costs incurred by the Board in the processing of their application. So applied, the ordinance does not impose a new obligation or duty with respect to past transactions; nor does it attach a new liability for past transactions. Instead, it requires future payment of future costs incurred by the Board. We see nothing retroactive about the application of the ordinance to Beardmore and Campbell.

We conclude that the prospective application of the ordinance requires Beardmore and Campbell to pay the Board's costs and attorney fees incurred after the effective date of the ordinance.

 Although we disagree with the trial court's legal rationale, the correct outcome will not be set aside merely because the trial court assigned incorrect reasons for its decision if the results are the same. *First National Bank of Belfield v. Burich*, 367 N.W.2d 148, 154 (N.D.1985).

Accordingly, the judgment is affirmed.

ERICKSTAD, C.J., and MESCHKE and VANDE WALLE, JJ., concur.

PEDERSON, Surrogate Justice, sitting in place of GIERKE, J., disqualified.

PEDERSON, Surrogate Justice, concurring specially.

Courts avoid interpretations of statutes which raise questions of constitutional validity. *Grace Lutheran Church v. North Dakota Employment Sec. Bureau*, 294 N.W.2d 767 (N.D.1980). Appellate courts, likewise, ordinarily except for jurisdictional matters, do not answer questions that are not properly raised in the trial court. *Farmers State Bank of Leeds v. Thompson*, 372 N.W.2d 862 (N.D.1985). Nor which are not raised, briefed, and argued on appeal. *Center State Bank, Inc. v. State Bank. Bd.*, 276 N.W.2d 132 (N.D. 1979).

A statute or ordinance could be constitutionally invalid on its face, or in its application in a specific case, even though its retroactivity is explicitly declared in the statute or ordinance itself. The majority opinion properly avoids consideration of the questions that were not raised.

---

**4.** Vested rights may exist if a landowner has made substantial expenditures in reliance on a zoning ordinance. *See City of Fargo, Cass Cty. v. Harwood Township*, 256 N.W.2d 694, 700 (N.D.1977); 9 McQuillin, Municipal Corporations, § 26.06 (3rd ed. 1986). A showing of injury or destruction of a vested right is re-

quired before exemption from the application of an amended ordinance is granted. *Leonard v. Medlang*, 264 N.W.2d 481, 484 (N.D.1978). No issue has been raised concerning substantial expenditures in reliance on a pre-existing ordinance.