2016 ND 210

**DAKOTA OUTDOOR ADVERTISING, LLC, Appellant**

v.

**CITY OF BISMARCK, Board of Commissioners, Appellee.**

No. 20160136.

Supreme Court of North Dakota.

Nov. 9, 2016.

Nicholas C. Grant, Dickinson, ND, for appellant.

Scott K. Porsborg (argued) and Preston J. Wise (on brief), Bismarck, ND, for appellee.

KAPSNER, Justice.

[¶ 1] Dakota Outdoor Advertising, LLC ("Dakota") appeals from the district court's order affirming the Bismarck Board of Commissioner's ("Board") decision affirming the Bismarck Planning and Zoning Commission's ("Commission") denial of an application for a special use permit. We affirm.

I

[¶ 2] Dakota entered into a lease with Boutrous Group, the owner of real proper-ty in Bismarck near the intersection of East Capitol Avenue and State Street. Dakota intended to erect a digital billboard on the property. Because the sign would be digital and located less than 300 feet from a residential property, City of Bismarck's Code of Ordinances required Dakota to obtain a special use permit before it could erect the sign.

[¶ 3] Dakota and Boutrous Group applied for a special use permit to the Commission. On December 10, 2014, members of Dakota met with city staff and presented studies regarding whether digital billboards create an unreasonable risk of driver distraction. At a December 17, 2014 meeting, Commission staff indicated they still had safety concerns about Dakota's proposed billboard. The Commission held a public hearing on the special use permit on January 28, 2015. Members of Dakota testified at length about the studies they had presented to the Commission staff. Commission members asked Dakota various questions, and a police officer testified about accidents at the intersection near the proposed billboard site. The Commission denied the application for a special use permit by a vote of eight to one.

[¶ 4] Dakota and Boutrous Group appealed the Commission's denial of the special use permit to the Board. The Board held a hearing on March 24, 2015. At the hearing, a city planner informed the Board of the situation and explained the requirements of the zoning ordinance. All parties were given the opportunity to present evidence at the hearing. The Board made written findings and affirmed the decision of the Commission on March 30, 2015.

[¶ 5] Dakota appealed the Board's and the Commission's decisions to the district court. The court ordered the appeal of Boutrous Group dismissed without prejudice after the parties stipulated to the

dismissal. Dakota and the Board presented briefs and a record, and the district court affirmed the decision of the Board and entered judgment on February 22, 2016.

[¶ 6] City of Bismarck ordinances regulating placement of digital billboards were changed since the district court entered judgment in this case. Section 14–03–08(3)(b)(2)(j), City of Bismarck, N.D., Code of Ordinances, governs siting of digital billboards and no longer includes a provision for obtaining a special use permit for a digital billboard at a distance of less than 300 feet from a residential area. The current provisions governing siting of digital billboards would no longer permit Dakota to obtain a special use permit for the proposed site.

## II

[¶ 7] The Board argues this appeal is moot because City of Bismarck Ordinances no longer permit special use permits for digital billboards at a distance of less than 300 feet from a residential area. "Before reaching the merits of an appeal, we consider the threshold issue of mootness." *Fercho v. Remmick*, 2003 ND 85, ¶ 7, 662 N.W.2d 259. "This Court does not render advisory opinions, and will dismiss appeals if the issue becomes moot." *Interest of W.O.*, 2004 ND 8, ¶ 10, 673 N.W.2d 264. The ordinance was changed shortly after the district court affirmed the Board's decision. The ordinance at the time of Dakota's application for a special use permit provided, in relevant part:

Digital billboards must be located at least three hundred (300) feet from any RR–Residential, RR5–Residential, R5–Residential, R10–Residential, RM–Residential, or RMH–Residential zoning district, as measured from any part of the sign to the nearest property line within any residential zoning district. This dis-

tance may be reduced to one hundred fifty (150) feet in accordance with the following provisions:

. . . .

c. A special use permit is approved by the Planning and Zoning Commission in accordance with the provisions of Section 14–03–08.

City of Bismarck, N.D., Code of Ordinances § 4–04–12(5) (repealed March 8, 2016). The new ordinance provides: "The sign shall be located at least three hundred (300) feet from any RR–Residential, RR5–Residential, R5–Residential, R10–Residential, RM–Residential, or RMH–Residential zoning district, as measured from any part of the sign to the nearest property line within any residential zoning district." City of Bismarck, N.D., Code of Ordinances § 14–03–08(3)(b)(2)(j). In short, the statutory provision controlling this case has since been eliminated.

[¶ 8] The Board asks this Court to apply the current ordinance to this case, making it impossible for Dakota to obtain a permit and rendering this appeal moot. In support of this argument, the Board cites *Leonard v. Medlang*, 264 N.W.2d 481 (N.D.1978). The Board argues that because this Court in *Leonard* previously applied "the general rule that in equitable actions relief will be awarded as warranted by circumstances existing at the time of the award[,]" the current ordinance should control. *Id.* at 484. We decline to apply such a rule to this case.

[¶ 9] Even if we were to assume there are equitable considerations here, this Court would be legislating a retroactivity provision into the Bismarck Code of Ordinances if it extends the rule in *Leonard* to this case. Section 1–01–08, City of Bismarck, N.D., Code of Ordinances states: "No part of this code is retroactive unless it is expressly declared to be so." An operative example of this provision may be

found following § 4–04–11 of the Code where it states: "*Sections 4–04–11(4), 4–04–11(9) and 4–04–11(10) shall apply retroactively to all signs.*" City of Bismarck, N.D., Code of Ordinances § 14–03–08(3)(b)(2)(j) contains no similar provision. It is clear on the face of the current statute regulating placement of billboards, § 14–03–08(3)(b)(2)(j), the ordinance was not "expressly declared to be" retroactive (quoting § 1–01–08, City of Bismarck, N.D., Code of Ordinances). Under the City of Bismarck Code of Ordinances, the new ordinance was not expressly written to be applied retroactively. As a result, this appeal is not moot.

### III

[¶ 10] Dakota argues the Board's decision to deny a special use permit was arbitrary, capricious, and unreasonable. Dakota contends the studies it presented to both the Commission and the Board supported a grant of the special use permit, and no evidence was presented which supported a denial. This Court's prior decisions make clear the principle of separation of powers precludes parties from relitigating the correctness and propriety of a local governing body's decision and prevents a reviewing court from sitting as a super board and redeciding issues decided by the local governing body. *Hagerott v. Morton Cty. Bd. of Comm'rs*, 2010 ND 32, ¶ 7, 778 N.W.2d 813. "In an appeal from the decision of a local governing body under N.D.C.C. § 28–34–01, our scope of review is the same as the district court's review and is very limited." *Tibert v. City of Minto*, 2006 ND 189, ¶ 8, 720 N.W.2d 921. "[T]he decision to issue or deny a special use permit, pursuant to [city] ordinances, is a legislative function subject only to appellate review to determine whether or not the [city's] legislative body acted arbitrarily, capriciously, or unreasonably in reaching its decision."

*Shaw v. Burleigh Cty.*, 286 N.W.2d 792, 797 (N.D.1979). "A decision is not arbitrary, capricious, or unreasonable if the exercise of discretion is the product of a rational mental process by which the facts and the law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation." *Dahm v. Stark Cty. Bd. of Cty. Comm'rs*, 2013 ND 241, ¶ 8, 841 N.W.2d 416.

[¶ 11] Under this scope of review, we examine whether the decision of the Board to deny Dakota a special use permit was arbitrary, capricious, or unreasonable. Dakota sought the grant of a special use permit first from the Commission. Dakota submitted several studies on the subject of whether digital billboards increase driver distractions after the Commission staff members indicated safety concerns with the proposed site. The Commission later held a hearing at which Dakota spoke in hopes of alleviating the safety concerns. A North Dakota Department of Transportation Urban High Crash Locations report was also considered by the Commission. After hearing additional testimony from a City of Bismarck police officer, the Commission voted to deny the special use permit. Upon appeal to the Board from the Commission, a hearing was held. Dakota and a Bismarck police officer testified at this hearing. The Board voted to deny the special use permit and later issued written findings and conclusions.

[¶ 12] Dakota argues the Board failed to properly consider the facts in the record and ignored Dakota's evidence in support of approval of the special use permit. The Board was under no obligation to accept the studies presented by Dakota. Dakota carried the burden of proving to the Commission that its special use complied with the requirements specified in Bismarck City Ordinances. The Board found the studies submitted by Dakota were "at

best, inconclusive" and failed to address the "cumulative effect of driving distractions." The Board gave more weight to a North Dakota Department of Transportation report's determination the proposed billboard site was located at the "7th most dangerous intersection in the State of ND and the 2nd most dangerous intersection in the City of Bismarck." Dakota's arguments on this issue imply a belief the studies it submitted were either stronger evidence than what the Board relied on or the only actual evidence submitted to the Board. Dakota appears to ask this Court to re-weigh the evidence. "It is not the province of this Court to substitute its judgment for that of the [Board]." *Dahm,* 2013 ND 241, ¶ 20, 841 N.W.2d 416. This Court need only look to whether the findings of the Board demonstrate the conclusion was "the product of a rational mental process by which the facts and the law relied upon [were] considered together for the purpose of achieving a reasoned and reasonable interpretation." *Id.* at ¶ 8.

■ [¶ 13] Where parties seek a special use permit "there has generally been little doubt that the burden of proof should rest with the applicant." 7 Williams, *American Land Planning Law* § 159:11 (Rev. ed.2003). While this Court has not specifically addressed which party bears the burden, other jurisdictions have taken the position the applicant must show its proposed use complies with the ordinance. "It is well settled that an applicant for a special use permit has the burden of proving that the proposed use meets all of the standards required by the ordinance." *Cosmopolitan Nat'l Bank v. Zoning Bd. of Appeals,* 63 Ill.App.3d 926, 20 Ill.Dec. 731, 380 N.E.2d 940, 943 (1978); *see also Delta Biological Res., Inc. v. Bd. of Zoning Appeals,* 160 Wis.2d 905, 467 N.W.2d 164, 166–68 (Wis.Ct.App.1991) (stating the burden rests on the applicant to prove that

the proposed use of the land accords with the zoning plan). There is no reason to apply a different burden. The Board applied what it determined to be the relevant facts and evidence to the law governing its decision. Under § 14–03–08, City of Bismarck, N.D., Code of Ordinances, "the city planning and zoning commission and the Zoning Administrator (where allowed) are hereby given limited discretionary powers relating to the granting of such permit or certificate." In its conclusions of law, the Board noted a special use permit for the placement of a digital billboard at a distance less than 300 feet from a residential zone must meet three requirements under § 4–04–12(5), City of Bismarck, N.D., Code of Ordinances. The first two requirements, under § 4–04–12(5)(a) and (b), were found to be met. The last requirement under § 4–04–12(5)(c), is the special use permit must be approved in accordance with the provisions of § 14–03–08. Section 14–03–08(1)(c)(2), City of Bismarck, N.D., Code of Ordinances, requires a finding "[t]he proposed use will not adversely affect the health and safety of the public and the workers and residents in the area" before a special use permit can be approved.

■ [¶ 14] The Board's findings included: a high incidence of accidents on the street running next to the proposed site; the North Dakota Department of Transportation Urban High Crash Locations report show the subject intersection is the 7th most dangerous in the State of North Dakota and the 2nd most dangerous in Bismarck; and its finding Dakota's evidence was inconclusive as to whether digital billboards increased driver distraction. The Board determined these findings supported a conclusion that granting the special use permit would "adversely affect the health, safety and welfare of Bismarck's citizens." The record "allows us to discern

the rationale for the [Board's] decision." *Dahm*, 2013 ND 241, ¶ 8, 841 N.W.2d 416. "A decision is not arbitrary, capricious, or unreasonable if the exercise of discretion is the product of a rational mental process by which the facts and the law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation." *Tibert*, 2006 ND 189, ¶ 8, 720 N.W.2d 921. The Board, under § 14–03–08(1)(c)(2), City of Bismarck, N.D., Code of Ordinances, had the authority to grant a special use permit if "[t]he proposed use will not adversely affect the health and safety of the public and the workers and residents in the area...." The Board concluded, based on the facts above, Dakota's proposed use did not meet that threshold. The Board's "decision is the product of a rational mental process in which the Commissioners exercised their discretion" under Bismarck City Ordinances regarding special use permits. *Dockter v. Burleigh Cty. Bd. of Cty. Comm'rs*, 2015 ND 183, ¶ 18, 865 N.W.2d 836. The Board's decision was not "arbitrary, capricious, or unreasonable[.]" *Id.*

IV

[¶ 15] The Board's decision to deny a special use permit to Dakota was not arbitrary, capricious, or unreasonable. We affirm the district court's order affirming the Board's decision to deny a special use permit.

[¶ 16] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.